### 20948. McWILLIAMS v. McWILLIAMS.

MOBLEY, Justice. The exception is to the overruling of general and special demurrers to a petition in which the defendant seeks modification of an alimony judgment rendered against him in 1955 in the DeKalb Superior Court. The petition, dated April 1958, alleges that on June 23, 1955, the plaintiff and the defendant entered into an agreement as to alimony and child support; that on December 22, 1955, this agreement was made part of the final judgment and decree rendered in a divorce action between the parties; that the plaintiff complied with the terms of the agreement until August 1, 1957; that since August 1, 1957, the plaintiff has been unable to comply with the agreement because of his physical and mental condition; that at the time he signed the agreement his physical and mental condition was such that he could afford to pay $100 per month alimony and $100 per month child support; that since signing the agreement he has become physically and mentally ill, has been unable to work and was a hospital patient from October 2, 1957, until November 23, 1957, since which time he has been under the care of Dr. Winston Burdine; that, since there has been a substan-

tial change in conditions and earning capacity since the signing of the agreement, which was made a part of the final judgment and decree, it should be modified "to conform more with his present financial conditions and his earning capacity"; that his total earnings for the years 1955 and 1956 were $4,862.20 and $6,642.96, respectively, and his total earnings in 1957 were $6,652.96, the greater part being earned prior to his sickness in October 1957, and that his total "take-home pay" for the months of January, February, and March 1958 was $981.77; that at the present time, due to his mental and physical condition, he has to expend an average of $15 per month for drugs and $30 to $45 per month for psychiatric treatment. He prays that the order of the court providing for alimony and child support be modified to conform with his present conditions and financial circumstances. *Held:*

Construing the petition most strongly against the pleader, it fails to allege facts showing "such a substantial change in the income and financial status of the husband as to warrant . . . a downward . . . revision and modification of the permanent alimony judgment," as required by *Code Ann.* § 30-221. "A petition for modification of an alimony judgment must show the facts relied on to authorize the relief desired, and it must be shown by the facts alleged that a change has occurred in the financial status of the husband since the former adjudication." *Welch v. Welch,* 213 Ga. 589(2) (100 S. E. 2d 431). The petition shows that the plaintiff's income for the year 1955, the year in which the alimony judgment was entered, was $4,862.20, an average monthly income of $405.18. It further shows that his income for the year 1957 was $6,652.96, an increase of $1,790.76 over his 1955 income. The petition fails to allege the plaintiff's gross income for the three months in 1958 preceding his filing of the petition in April of that year. It simply gives his total "take-home pay" as $981.77 for the months of January, February, and March 1958. This would be an average for each of the three months of $327.25 "take-home pay"—only $77.93 less than his average *gross* monthly income in 1955. Since it is not alleged in the petition what the plaintiff's gross income was during the first three months of 1958, since we have no way of computing his gross income

from knowledge of his "take-home pay," and since the plaintiff alleges a substantial increase in income in 1957 over that of 1955, the petition fails to show a decrease in the plaintiff's income.

Although a petition may allege a change in financial status without alleging a change in income (*Perry v. Perry,* 213 Ga. 847, 852(3), 103 S. E. 2d 534), the petition in this case fails to do so. It does not allege the plaintiff's financial status as of December 1955, the date of the alimony judgment, or as of April 1958, the date the petition was filed. In order to determine whether there has been a change in financial status between the two pertinent dates, a comparison must be made between the plaintiff's financial status in December 1955 and his financial status in April 1958. Accordingly, the allegation that, because of his mental illness, the plaintiff now incurs an average drug bill of $15 per month and an average expenditure of $30-$45 per month for psychiatric treatment does not show a substantial change in the plaintiff's financial status. The trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 12, 1960—DECIDED SEPTEMBER 8, 1960.

*Head & Head, Hugh G. Head, Jr., Garland Head,* for plaintiff in error.