### 21769. KENDRICK v. KENDRICK.

CANDLER, Justice. The parties to this litigation were divorced in the Superior Court of Meriwether County on February 15, 1959. Custody of their minor son was awarded to the mother. A contract between the parties for the support and maintenance of their minor child was approved by the court and made a part of the final judgment. Such contract obligated and the judgment required the father to pay the mother as child support $100 per month until such child reached 18 years of age. It awarded no alimony to the wife. On February 22, 1961, Mrs. Kendrick filed a petition in the same court seeking an upward revision and modification of the judgment which fixed the amount of child support payable to her each month. Her petition alleges a substantial change for the better in his income and financial status since the judgment awarding child support was rendered. A general demurrer which Mr. Kendrick interposed was overruled and there is an exception to that judgment. On the trial and after the parties had introduced all of their evidence, the jury returned the following verdict: "We, the jury, find in favor of the plaintiff and our verdict is: (1) That $100 payments now being made be voided; (2) That defendant pay $35 per week for child support until child reaches age 18; (3) That trust fund be set up to provide for child's college education as follows: (1) Lump sum of $500 be paid

in now; (2) Payments of $50 per month to trust fund until child reaches age 18; (3) That trust fund be administered by court-appointed administrator; and (4) That trust fund be made available to child at age 18 for college education only. If he desires not to go to college, funds will be withheld until child is 21, at which time he will have power to dispose of or use as he so desires." A decree following the verdict was entered on March 1, 1962. The defendant moved for a new trial on the usual general grounds and later amended it by adding 7 special grounds. His amended motion was overruled and he excepted to that judgment. *Held:*

1. Since the petition clearly alleges a substantial change for the better in the defendant's income and financial status after the judgment awarding child support was rendered on February 15, 1959, there is no merit in the contention that the court erred in overruling a general demurrer to it.

2. *Code* § 30-207 provides that a verdict and judgment awarding support for a minor child shall specify what amount such child shall be entitled to for its permanent support; and in what manner, how often, to whom, and until when it shall be paid. Prior to the approval of an act which the legislature passed in 1955 (Ga. L. 1955, p. 630), there was no statute in this State which authorized or empowered the courts to revise and modify in any respect a permanent judgment for alimony or a permanent award for the support of a minor child or children. *Roberson v. Roberson,* 210 Ga. 346 (1) (80 SE2d 283); and *Etheridge v. Echols,* 212 Ga. 597 (94 SE2d 377). But by the cited act the court which had rendered such a judgment was authorized and empowered to revise and modify it, either downward or upward where there had been a substantial change in the income or financial status of the husband or father. Such act expressly provides that on the hearing of an application either by the husband or the wife to revise and modify such a judgment, the merits of whether the wife or child or children, or both, are entitled to alimony and support are not in issue, "but only whether there has been such a substantial change in the income and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment." It is settled by many decisions of this court that where the language of a statute is plain and

unambiguous, no occasion for construction exists and it must be taken to mean what it clearly expresses and the courts have nothing to do but enforce it. *Nixon v. Nixon,* 196 Ga. 148, 155 (26 SE2d 711); *Bibb County v. Hancock,* 211 Ga. 429, 438 (86 SE2d 511); and *Anderson v. Cooper,* 214 Ga. 164, 166 (104 SE2d 90). It seems clear to us and we hold that the act of 1955 conferred authority and power on the court rendering an alimony or child support judgment to revise and modify it either downward or upward where a substantial change in the income and financial status of the husband was alleged and proven and in no other respect. This being true, the jury in this case had no legal authority to find a verdict upon which a valid judgment could be entered which revised and modified the original child support judgment in any respect except as to the amount it required the defendant to pay the plaintiff each month for the support of their minor child. Since this disposes of the controlling question in this case, it is unnecessary to pass on other questions posed by the record.

*Judgment reversed. All the Justices concur.*

Argued September 11, 1962—Decided September 18, 1962.

*H. Briscoe Black,* for plaintiff in error.
*Wavelyn E. Smith,* contra.