22146. MORRIS v. MYERS.

ARGUED SEPTEMBER 9, 1963—DECIDED OCTOBER 10, 1963.

*W. J. Patterson, Jr., Jack J. Lissner, Jr.,* for plaintiff in error. *Cowart, Sapp, Alaimo & Gale, G. B. Cowart,* contra.

ALMAND, Justice. The order under review is one adjudging the defendant in contempt for failure to pay alimony for the support of his minor son.

In January 1945, in a divorce action between Mrs. Eva Morris and M. L. Morris, Jr., by final decree the defendant by judgment was required to pay to the wife for the support of their minor child $50 per month until the child reached the age of 18 years. In April 1963, the mother of the child brought her petition in which she charged that the father was in contempt of court because he had failed to pay the sum of $10,100 in addition to interest, for the support of the minor child. On the hearing of the rule nisi the parties stipulated that the amount due under the alimony award for the support of the minor child and unpaid was $10,100. The reason offered for the failure to pay the alimony for the support of the minor son was the mother's refusal to accept such payments and the father's financial and physical inability to make the monthly payments of $50 for the child's support.

On the hearing of the rule nisi there was evidence that the defendant made payments on the alimony award in part but not in full for the years 1945, 1946, and 1949. There was evi-

dence that in January, February, and March of 1963 he sent by registered mail three checks for $50 each to the mother but that she refused to accept them. There is no evidence of any offer or effort of the father to make any payments between August 1949 and January 1963 for the support of the child.

After the divorce both parties remarried. The father at the time of the hearing was president and general manager of the Southern Furniture Mart, Inc., in Macon, Georgia, and his salary was $100 gross weekly in a corporation, owned by his present wife and another, which had a sales volume of $300,000 per year. There was evidence that in 1962 the respondent was paid a salary of $270 gross weekly but that this salary was reduced in 1963 because of his physical condition. (It might be noted here that in November 1962 the mother caused a fi. fa. to be executed for the sum of $12,750 against the respondent and a nulla bona was entered by the Sheriff of Bibb County, the residence of the defendant.) There was evidence that the title to the house in which the respondent lived and two automobiles were in the name of his present wife.

After the hearing the court adjudged the father in contempt and ordered him to pay over to the mother the sum of $3,100 for the support of the son on or before August 1, 1963, and thereafter on the first day of each month the sum of $100 until the total sum of $10,100 has been paid. It was further ordered that all checks be made payable to the order of the attorney of the mother.

■ The basic issue is whether the father is in contempt for his failure to pay the monthly sums for the support of his minor child. It was agreed as to the amount that the father had failed to pay over the period of 14 years. It was stipulated by counsel for the father that the defenses of laches and the statute of limitation were waived. There remain only two questions: (1) did the decree of 1945 order the father to make these payments, and (2) does the evidence authorize the conclusion that the failure to make the monthly payments for the support of the minor son was wilful.

In the decree of final divorce a judgment and decree was rendered against the father that he pay to the mother the sum

of $50 per month as alimony for the support of the son until he reached the age of 18 years. This judgment and decree was sufficient to form the basis of a contempt proceeding against the father if he did not make the required payments. *Code* §§ 30-204, 30-208. See *Wilson v. Chumney*, 214 Ga. 120 (103 SE2d 552).

■ The evidence on the hearing as to whether the father has been in contempt for failure to pay alimony for the support of his minor child shows that for 14 years he contributed nothing to the support of the child, that shortly before the institution of the present proceeding he was being paid a salary of $270 a week as president of a corporation, and that after an effort to enforce the collection of the judgment for the past due alimony award his salary was reduced to $100 per week. Whether the reduction of salary was caused by the mother's efforts to enforce the alimony judgment or by the physical condition of the father was for the trial judge and we will not disturb his conclusion in this regard.

Under the decree of the court the father was ordered to pay $50 for the support of his minor son. The undisputed evidence shows that for 14 years he has neither paid nor offered to pay one penny for such support. The trial judge was fully authorized to find the father in contempt.

■ Error is assigned on that part of the court's order which directs the defendant to make all checks in payment of alimony payable to the attorney of the mother. The alimony decree ordered payments to be made to the mother. The trial court had no authority to change the decree in this regard. Direction is given that the court strike from the order the following: "It is hereby ordered that all checks shall be made payable to the order of 'G. B. Cowart, Attorney for Mrs. Eva Tyson Morris Myers' and shall be forwarded to her attorney at Brunswick, Georgia."

*Judgment affirmed with direction. All the Justices concur.*