22381.   HOOKS, formerly AVRET v. AVRET.

QUILLIAN, Justice.   James C. Avret brought his suit in the Richmond Superior Court against Mildred M. Hooks, formerly Avret, seeking modification of a prior child support judgment. The petition as amended alleged that the plaintiff paid $125 per month for child support to the defendant under the provisions of the final divorce decree between the parties; that since that time "it has become progressively more difficult" for the plaintiff to comply with the terms of the decree, for the plaintiff has remarried and there has been an additional child born to him of his subsequent remarriage; that the plaintiff was earning $148 every two weeks and now is earning $155 every two weeks, however he has not received a grade raise but only "cost of living" raises, which "cost of living" has increased more than his wages; that although the plaintiff's take home pay is $283 more per year it is still insufficient to meet the expenditures of supporting a second child, the reasonable costs of which amount to $50 per month; that the plaintiff will be unable to comply with the terms of the decree and properly support the second child, and thus asks for modification so that the support will be more equal.

Exception is taken by the defendant to the overruling of her general and special demurrers to the amended petition. *Held:*

The Act of 1955 (Ga. L. 1955, pp. 630, 631; *Code Ann.* §§ 30-220 through 30-225) makes no provision for modification or revision of a child support judgment except where there has been a substantial change in the income "or" financial status, *Perry v. Perry,* 213 Ga. 847, 852 (102 SE2d 534), of the father subsequent to the rendition of such judgment. *Ken-*

drick v. Kendrick, 218 Ga. 284 (127 SE2d 379); Perry v. Williamson, 219 Ga. 701 (135 SE2d 412). Since there clearly was no decrease in income alleged in the petition, the instant action is predicated solely on an attempt to show a substantial change downward in the financial status of the father.

In order to determine whether there has been such a change in the financial condition of the father a comparison must be made between his financial status as of the time of the original decree and the time the petition for modification is brought. The present petition fails to show the plaintiff's financial status as of June, 1960, when the original decree was rendered, or as of July, 1963, when the petition was brought. Hence, the averments as to the expense of maintaining and supporting the second child, standing alone, do not show such a substantial change as would authorize a downward modification of the child support decree. *McWilliams v. McWilliams,* 216 Ga. 270 (116 SE2d 215).

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 10, 1964—DECIDED MARCH 5, 1964.

*Jay M. Sawilowsky,* for plaintiff in error.
*McGahee & Plunkett,* contra.