24089. GALLANT v. GALLANT.

Argued May 9, 1967—Decided June 8, 1967.

*Pittman & Kinney, John T. Avrett,* for appellant.

*Mitchell & Mitchell, D. W. Mitchell, Jr., Coy H. Temples,* for appellee.

ALMAND, Presiding Justice. On January 29, 1965, Peggy Morgan Gallant, the appellee, and Bert Duffy Gallant, the appellant, were granted a total divorce. The parties entered into an agreement which was made a part of the final divorce decree settling the custody and support of their three minor children. The agreement placed the custody of the children in the appellee with visitation rights reserved to the appellant and read in part as follows: "Peggy Morgan Gallant agrees to accept and Bert Duffy Gallant agrees to pay the sum of forty dollars ($40.00) per week for the support of said children, said payment to continue until Peggy Morgan Gallant remarries or until one of the children attains the age of 18, marries, or sooner becomes self-supporting and at such time or times payments shall be reduced as is hereinafter set forth. In the event Peggy Morgan Gallant remarries, the monthly payments shall be reduced to twenty ($20.00) dollars per week." Subsequently, on December 19, 1966, the appellant filed his petition seeking additional visitation privileges with his children. The appellee filed an answer and a cross action seeking to increase the amount of child support based upon an alleged substantial change in the appellant's financial status. On February 7, 1967, a hearing was held at which time the parties stipulated in evidence all books, records, documents and exhibits that each relied upon including, over his objection, the admission of a record of the appellant's 1964 earnings. After reviewing the evidence and stipulations made at the hearing, the court settled the visitation rights and ordered "that the plaintiff pay as permanent child support to the defendant each week beginning on Saturday, March 25, 1967 the sum of sixty-five ($65.00) dollars and said amount shall be paid each week until the oldest child reaches majority." The court further ordered the appellant to pay the appellee the sum of $250 as attorney's fees. The appeal assigns error on the admission in evidence of the record of appellant's 1964 earnings, the order increasing child support and the award of attorney's fees.

■ The appellant contends it was error to admit a record of his 1964 earnings in evidence because it was immaterial and

irrelevant inasmuch as the divorce was granted in January of 1965. In order to determine whether there as been such a change in the financial condition of the father as to permit a modification of a permanent alimony judgment, a comparison must be made between his financial status as of the time of the original decree and the time of the trial determining whether such a revision is warranted. *Hooks v. Avret,* 219 Ga. 743 (135 SE2d 899) ; *McWilliams v. McWilliams,* 216 Ga. 270 (116 SE2d 215). See also *Kitchin v. Kitchin,* 219 Ga. 417 (133 SE2d 880). The court should be able to consider every relevant fact which would enable it to come to a just determination of the issue. Relevant evidence is that evidence which relates directly or indirectly to the question being tried. *Code* § 38-201. Since the issue for determination here was whether there had been a substantial change in the financial status of the husband, it is difficult to see how any evidence could be more relevant or material than that which shows his financial status at the time of the original divorce decree. Thus, the record of the appellant's 1964 earnings was properly admitted in evidence.

■ Appellant contends the judgment is unsupported by any evidence that there had been a substantial change in his financial status. This contention is without merit. The record discloses that the appellant realized an income of $10,348.59 in the year 1964 and that the divorce was granted in January of 1965. Further, it appears from the record that the appellant realized an income of $14,151.26 in the year 1965 and an income of $12,528.48 in the year 1966. These increases in the appellant's income are substantial. Furthermore, pursuant to the original divorce decree the appellant was required to make the house payments on the family home and pay all ad valorem taxes, insurance and water and electricity bills on said house while appellee resided therein. On the sale of this house in November of 1966 all of these payments have terminated and the absence of these expenses has improved the appellant's financial status. The evidence is sufficient to support the judgment increasing child support.

■ *Code Ann.* § 30-221 (Ga. L. 1955, pp. 630, 631) provides for a downward or upward revision of a permanent alimony

judgment only where a substantial change in the income and financial status of the husband is shown. In *Kendrick v. Kendrick,* 218 Ga. 284 (127 SE2d 379), this court held that *Code Ann.* § 30-221 conferred no legal authority upon the trial court to revise or modify the original child support judgment in any respect except as to the amount it required the husband to pay. See *Morris v. Myers,* 219 Ga. 278 (133 SE2d 22). Thus, it was error to modify the original decree by requiring the appellant to make child support payments in stated amounts until each child attained "majority" rather than the "age of 18" and in not providing for a reduction in the amount of child support upon the appellee's remarriage as appeared in the original decree.

■ Appellant contends the trial court improperly allowed the appellee attorney's fees. *Code Ann.* § 30-223 (Ga. L. 1955, pp. 630, 632) provides that if a husband makes an application to modify a permanent alimony judgment, the court may require him to pay reasonable expenses of litigation as may be incurred by the wife in the defense thereof. The appellee argues that the attorney's fees were allowed for defending the action brought by the appellant. However, *Code Ann.* § 30-223 allows a wife attorney's fees only when the husband has initiated an action to modify a permanent alimony judgment, and in the present case the appellant instituted an action seeking increased visitation rights. The defense of such an action does not come within the scope of this statute. It was error to allow the appellee attorney's fees.

*Judgment affirmed in part; reversed in part. All the Justices concur.*