26264.   BUTTERWORTH v. BUTTERWORTH.

ARGUED JANUARY 14, 1971—DECIDED FEBRUARY 15, 1971.

*Heyman & Sizemore, W. Dan Greer,* for appellant.

*Wilkinson & Nance, A. Mims Wilkinson, Jr., John C. Hunter,* for appellee.

FELTON, Justice. On June 14, 1967, Patricia Bird Butterworth, the appellee, and Dr. Henry Harper Butterworth, Jr., the appellant, were granted a total divorce. The parties entered into an agreement which was made a part of the final divorce decree,

placing the custody of the children in the appellee mother and providing that the appellant father was to pay $150 per month per child for their "support, maintenance and education . . . for and during their minority or until they shall marry, die or become self-supporting." On March 9, 1970, appellee filed a petition for the revision of the judgment for permanent alimony as to child support only, alleging increases in the cost of child support and of the former husband's income. Following a hearing before the trial court, sitting without a jury, the court entered an order, effective August 1, 1970, whereby the child support was increased to $200 per month for the eldest child and to $175 per month for both younger children until each attains the age of twelve years and thereafter to $200 per month for them also. The order further provided that, upon and in the event of cessation of alimony payments for the support of the former wife as provided in the original decree, the defendant is to pay into an educational trust fund the amount of $100 per month for each child who is not 21 years old, married, dead or self-supporting. The appeal is from the order revising and increasing child support payments.

■ "It is error to modify a child support judgment in *any* respect *except as to the amount."* (Emphasis supplied.) *Gallant v. Gallant,* 223 Ga. 397 (3) (156 SE2d 61), citing (on p. 400) *Kendrick v. Kendrick,* 218 Ga. 284 (127 SE2d 379) and *Morris v. Myers,* 219 Ga. 278 (133 SE2d 22). Thus, it was error to modify the original decree by the creation of an educational trust fund in the event of cessation of alimony payments for the appellee's support; the provision for child support to increase in the future as each child became twelve years old; and the provision for payments to be merely for the "support" of the children, rather than for their "support, maintenance and education," as provided in the original decree. Enumerated errors 1, 2 and 3 are, therefore, meritorious.

■ Under *Code Ann.* § 81A-152 (Ga. L. 1969, pp. 645, 646, as amended by Ga. L. 1970, pp. 170, 171), the trial judge was not required to set forth his findings of fact and conclusions of law in this action involving only alimony. Enumerated error 4 is without merit.

■ Enumerated error 5 is the overruling of appellant's objection to appellee's direct testimony regarding her needs for support of

the children and the permitting of her testimony in regard thereto. Enumerated error 6 is the sustaining of appellee's objection to cross examination of appellee by appellant's counsel concerning her income and financial status and the refusal to permit such testimony. Although appellee urges that appellant has waived these grounds by failure to timely object, since the case must be remanded to the trial judge for a revision of his order in accordance with our holdings elsewhere in this opinion, we deem it necessary to clarify the law, if possible, with regard to the issues raised by the above two enumerated errors, so that proper consideration can be given to the evidence in the light of such clarification.

(a) Enumerated error 6: *Code Ann.* § 30-221 (Ga. L. 1955, pp. 630, 631) provides as follows: "Upon such an application as hereinabove authorized, the merits of whether the wife, or child or children, or both, are entitled in alimony and support are not in issue, but *only whether there has been such a substantial change in the income and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment.*" (Emphasis supplied.) In accordance with this, this court has held that "[t]he Act of 1955 (Ga. L. 1955, pp. 630, 631; *Code Ann.* §§ 30-220 through 30-225) makes no provision for modification or revision of a child support judgment except where there has been a substantial change in the income 'or' financial status (*Perry v. Perry,* 213 Ga. 847, 852 (102 SE2d 534)) of the father subsequent to the rendition of such judgment." *Hooks v. Avret,* 219 Ga. 743 (135 SE2d 899) and cit.

However, the last sentence of *Code Ann.* § 30-220 (Ga. L. 1955, pp. 630, 631; as amended, Ga. L. 1964, pp. 713, 714) provides as follows: "In the hearing upon a petition filed as provided herein, testimony may be given and evidence introduced relative to the income and financial status of the wife." At first impression, this provision is not consistent with the one hereinabove referred to (§ 30-221), which limits the issue to the father's changed income or financial status. "It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed to-

gether, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto. It is simply the duty of this court in interpreting the statutes now under consideration to look diligently for the intention of the legislature, keeping in view at all times the old law, the evil, and the remedy. *Code* § 102-102 (9). While we recognize the rule that statutes in pari materia may not be resorted to where the language of the statute under consideration is clear, it is equally as well settled that, where the terms of the statute to be construed are ambiguous or its significance is of a doubtful character, it becomes necessary to give proper consideration to other related statutes in order to ascertain the legislative intent in reference to the whole system of laws of which the doubtful statute is a part." *Ryan v. Commissioners of Chatham County,* 203 Ga. 730, 731 (48 SE2d 86). "The rule of construction that effect is to be given to all the words of a statute, forbids that two provisos should be treated as having no more scope or significance than one of them would have if standing alone. It is better to wait for legislative amendment than to arbitrarily reject one of the provisos as senseless or superfluous." *Smith v. Davis,* 85 Ga. 625 (2) (11 SE 1024). "[A]ll the words of the legislature, however numerous, ought to be preserved, and effect given to the whole, if it can be done. No doubt courts could sometimes better legislation by rejecting some of the words delivered to them by the legislature for construction; but *to do this courts have no power."* (Emphasis supplied). *Smith v. Davis,* supra, p. 631.

Applying the above principles, if the two statutory provisions can be reconciled, it can be done only by the conclusion that the legislature intended that the prerequisite of the revision of the child support, either downward or upward, is the proof of the substantial change in the income or financial status of the former husband and that, once this essential fact has been shown, evidence relative to the former wife's income or financial status is relevant, hence admissible, for the purpose of equitably determining how much the amount of the child support should be modified. Under this construction, the provision in § 30-221, to the effect that the only issue is the change in the former husband's income or financial status, is intended merely to exclude the issue men-

tioned directly thereinabove, i.e., "the merits of whether the wife, or child or children, or both, are entitled in alimony and support," and not to exclude the issue of the former wife's income or financial status, evidence relative to which was specifically made admissible by the legislature in § 30-220. *Code Ann.* § 30-209 authorizes consideration of the wife's separate estate and earning capacity in the computation of the amount of alimony in the divorce decree and it seems entirely consistent and relevant to allow consideration of such matters also when the former husband's changed status is being shown upon a petition for revision, especially since the General Assembly has specifically provided that this type of evidence may be introduced. There is no apparent reason for permitting such evidence to be introduced if it is not to be considered; indeed, this would amount to harmful error. To allow a showing of changed financial condition of one party and not of the other would be an unnecessary and patently inequitable, hence unintended, construction of these statutes. Our construction here is apparently consistent with our recent case of *McBrayer v. McBrayer,* 227 Ga. 224 (2), in which this court held that evidence as to the increased earnings of the former wife did not authorize or require a change in the amount of alimony which she is entitled to receive *in the absence of evidence as to a change in the income or financial status of the former husband* (a reasonable implication therefrom being that it *might* authorize or require a change if there had been the requisite evidence as to the former husband's financial condition). This enumerated error is meritorious.

(b) Enumerated error 5: As to the admissibility of evidence regarding the mother's contended needs for the financial support of her children (as dancing lessons, increased clothing costs, etc., here), such evidence is quite relevant, indeed essential, in determining whether a revision of child support is needed (either because of an inadequate award in the original decree or because of additional needs or increased cost of needs arising in the interim) and, if so, in what amount. This was necessarily implicitly included as a factor to be considered, along with the explicitly admissible, optional evidence of the mother's financial status, after the explicitly admissible, prerequisite evidence of the father's changed financial status has been adduced. This enumerated error

is without merit.

■ The appellant's contention in enumerated error 7, that the judgment is unsupported by any evidence that there had been a substantial increase in his financial status since the original decree, is without merit. The record discloses that the appellant's net incomes were $32,650.45 in the year 1967 (the year of the divorce), $33,903 in 1968 and $37,804 in 1969. These increases in the appellant's income are substantial. *Gallant v. Gallant,* 223 Ga. 397, 399, supra. Furthermore, pursuant to the original divorce decree the appellant was required to make the house payments (first, second and third mortgages) on the family home and pay all ad valorem taxes and insurance premiums on said house. At the time of the hearing the appellant had purchased for $5,000 appellee's one-half interest in the home and conveyed it to his present wife, who assumed payment of all mortgage notes as well as taxes and insurance. Appellant does not contribute to the support of the parents or children of his present wife, living in appellant's home, pays utilities for the house (about $125 per month) and pays for food for his present wife and children. His personal living expenses, including income taxes, totalled $1,734,67 monthly and were not shown to have increased since the time of the original decree. Although, pursuant to the terms of the original decree, the alimony payments for the former wife's support were increased from $250 per month to $450 per month upon the sale of the house, this amount was more than offset by the appellant's increased income and his aforementioned decreased financial obligations.

The evidence is sufficient to support a judgment increasing child support in some amount. In view of the holdings elsewhere in this opinion, however, the judgment must be reversed and the case remanded with direction that the trial judge determine the amount of child support in accordance with the principles hereinabove set forth.

*Judgment reversed with direction. All the Justices concur.*