## 37918. HAYES v. HAYES.

HILL, Presiding Justice.

This case concerns the full faith and credit clause of the United States Constitution. U. S. Const. Art. IV, § 1; Code Ann. § 1-401. The husband contends the trial court erred in refusing to set aside the Georgia separate maintenance judgment on the basis of a South Carolina divorce and alimony decree entered subsequent to the Georgia judgment. He also raises questions about the provisions of the separate maintenance decree concerning the survival of alimony after his death and the automatic modification of child support and alimony upon stated increases in his pension. We granted his application to appeal.

1. The husband and wife were married for 32 years and were living in Hampton, Virginia, before they were separated in mid-1979. In January, 1980, the wife filed suit for separate maintenance in DeKalb County, personally serving her husband in Gwinnett County although he was then, and is now, a resident of South Carolina. At the hearing, the husband appeared pro se and urged that he had filed for divorce in South Carolina and was not prepared to proceed. The trial court refused to grant a continuance and a judgment was entered on January 7, 1981, providing for custody, child support and visitation, and alimony; survival of the alimony and child support after the husband's death; and an automatic modification of alimony and child support in the amounts of 25% and 15%, respectively, of any gross increase in his pension.

On January 23, 1981, the husband filed a motion for new trial and motion to set aside the DeKalb separate maintenance judgment; he amended the motion on February 19, attaching a South Carolina divorce decree entered by default on February 9, which also provided for alimony, child custody and visitation, and child support. The husband urged that the South Carolina decree was entitled to full faith and credit in Georgia and that, therefore, the Georgia separate maintenance judgment should be set aside.

The wife defended on the ground that the South Carolina court had acted without personal jurisdiction over her and that its

judgment was not entitled to full faith and credit. May v. Anderson, 345 U. S. 528 (73 SC 840, 97 LE 1221) (1952); Estin v. Estin, 334 U. S. 541 (68 SC 1213, 92 LE 1561) (1948). The South Carolina court had expressly found, however, that the wife had contacted a South Carolina attorney who requested an extension of time to answer or plead in the husband's suit for divorce, that the South Carolina attorney had told the husband's attorney that he had been contacted by the wife "with reference to what could be worked out" and, that before he withdrew from the case, he had prepared an answer for the wife which she refused to sign. The South Carolina court found that under its broad rules of appearance, it had personal jurisdiction over the wife based upon the extension of time and negotiations with the husband's counsel. G. A. R. Leasing, Inc. v. DeForest, 254 SE2d 50 (S.C. 1979); Petty v. Weyerhaeuser Co., 251 SE2d 735 (S.C. 1979). See Connell v. Connell, 119 Ga. App. 485 (167 SE2d 686) (1969). Thus it had proceeded to grant the default divorce and award custody, alimony and child support to the wife and visitation rights to the husband.

The Georgia trial court ruled that the South Carolina court had no personal jurisdiction over the wife and denied the motion to set aside its prior separate maintenance decree. But see Gordon v. Gordon, 237 Ga. 171 (1) (227 SE2d 53) (1976). We agree with the denial, but do so without reaching the question of whether the South Carolina court had jurisdiction over the wife due to the fact that the wife did not challenge the constitutionality of South Carolina's appearance rule in the court below.

Judgment was entered in the separate maiintenance action in Georgia prior to the entry of the South Carolina decree. A later judgment is not grounds for setting aside an earlier judgment under Code Ann. § 81A-160 (d).[1] The husband has cited no case, and we have found none, which holds or implies that a judgment duly entered must be set aside so as to give full faith and credit to a foreign judgment entered subsequent to the judgment sought to be set aside. The Georgia judgment was proper when entered and full faith and credit does not require that a subsequent foreign judgment be given retroactive effect. In a proper case, the conflicts between these two judgments will have to be resolved, see, e.g., Anglon v. Griffin, 241 Ga. 546 (246 SE2d 666) (1978), but this is not that case. We, therefore, affirm the trial court's refusal to set aside the judgment.

[1] While we recognize that during the same term of court, the trial court may, in its discretion, set aside a judgment that is not based on the verdict of a jury, the trial court here refused to do so. We find no abuse of discretion. Pinyan v. Pinyan, 235 Ga. 847 (222 SE2d 36) (1976).

2. There is no merit to the husband's contention that the trial court erred in providing that the separate maintenance requirements continue after his death. This is merely a statement of the law as to separate maintenance. Code Ann. § 30-218; *Wise v. Wise,* 156 Ga. 459, 476 (119 SE 410) (1923); *Berry v. Berry,* 208 Ga. 285, 289 (66 SE2d 336) (1951). The rule is otherwise as to divorce. See *Dolvin v. Dolvin,* 248 Ga. 439 (1981).

3. The trial court did not err in setting alimony at $700 per month plus "(25%) of any gross increase the defendant receives in his pension"; and in fixing child support for their fourteen-year-old daughter at $300 per month plus "(15%) of any gross increase the defendant receives in his pension." As long as a definite amount of alimony or child support is awarded an automatic future modification is not invalid. *Golden v. Golden,* 230 Ga. 867 (2) (199 SE2d 796) (1973); see also *Newsome v. Newsome,* 237 Ga. 221 (227 SE2d 347) (1976); *Worrell v. Worrell,* 242 Ga. 44, 46 (247 SE2d 847) (1978). The husband relies upon *Fitts v. Fitts,* 231 Ga. 528 (1) (202 SE2d 414) (1973), which found that an award of a fixed amount of alimony subject to adjustment based on changes in the Consumer Price Index was an illegal attempt to modify alimony outside the statutory procedure for modification of alimony prescribed by Code Ann. § 30-221. We find that such an adjustment provision does not preclude either party from seeking modification under Code Ann. § 30-221 and overrule *Fitts v. Fitts,* supra, in favor of the dissent in that case by Justice (now Chief Justice) Jordan who relied upon *Golden v. Golden,* supra.

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 24, 1981.

*Charles D. Read, Jr.,* for appellant.
*Wesley Williams,* for appellee.