### 38773. FENDER v. FENDER.

CLARKE, Justice.

The issue in this modification of alimony action is whether an award of periodic alimony for a specified number of years may be modified by extending the term of years.

The parties were divorced in 1979. A jury awarded the wife child support payments in the amount of $300 per month and alimony payments for the support of the wife of $500 per month through April of 1980 and then $300 per month from May of 1980 until April of 1982. In December of 1981 the former wife filed a petition to modify the alimony award alleging there had been a substantial change in the financial conditions of the parties since the judgment of divorce was entered. Both sides filed motions for partial summary judgment and

the trial court granted the husband's motion, holding that as a matter of law the wife was not entitled to alimony payments beyond April of 1982. We granted her application to appeal from this judgment and now affirm the holding below.

The modification was brought pursuant to Code Ann. § 30-220 (a) which prescribes the grounds and procedures for modification of both alimony for the support of a former spouse and for child support. Code Ann. § 30-221 identifies the issues and the remedy. This court has held that based upon the language of Code Ann. § 30-221, a judgment for child support may be modified only by raising or lowering the amount of the payments. *Kendrick v. Kendrick,* 218 Ga. 284 (127 SE2d 379) (1962); *Gallant v. Gallant,* 223 Ga. 397 (156 SE2d 61) (1967). In *Nash v. Nash,* 244 Ga. 749 (262 SE2d 64) (1979), we held that while periodic payments for child support could be changed from a group award to a per capita award in a modification action, other terms and conditions of the original judgment could not be changed. As pointed out in *Nash,* the court in *Gallant* held that a modification action could not increase the number of years for the payment of child support beyond the years provided in the original judgment, even though the increased years did not extend past the then-age of majority.

The appellant contends that these cases are distinguishable on the grounds that her action for modification of alimony involves support for a former spouse as opposed to child support. She also contends that the change in Code Ann. § 30-221 as adopted by the legislature in 1979 Georgia Laws, pp. 466, 482, was intended to broaden the law on modification.

Since Code Ann. § 30-220 and Code Ann. § 30-221 cover alimony for spouses and children we hold that the cases of *Gallant v. Gallant* and *Nash v. Nash* construing the modification statutes apply equally to spouse support as well as child support. While *Kendrick* was a case involving a child support judgment, the opinion states that the rule of that case would apply to alimony for a wife.

When *Kendrick* and *Gallant* were decided the pertinent part of Code Ann. § 30-221 provided for modification if there is a change in the income and financial status ". . . as to warrant either a downward or upward revision *and* modification of the permanent alimony judgment." Ga. L. 1955, pp. 630, 631. (Emphasis supplied.) Georgia Laws 1979, pp. 466, 482-483, provides for modification if there is a change ". . . as to warrant either a downward or upward revision *or* modification of the permanent alimony judgment." The appellant argues that by changing the conjunction "and" to "or," the legislature intended to broaden the scope of modification and to eliminate the limitation on modification to amount only.

We are not persuaded that the legislature intended to broaden the scope of modification in the manner urged by the appellant, so as to overrule *Kendrick* and *Gallant.* The intent of the legislature is set out in Section 1 of the Act and states its intent is to revise certain laws relating to the family "so as to comply with those standards of equal protection under the law announced by the United States Supreme Court decision in the case of Orr v. Orr, decided March 5, 1979." Ga. L. 1979, p. 466 at 469. When looking to the intent of a statute, the most significant provisions for this court are those wherein the statute itself defines its intent. *Freeman v. W. O. W. Life Ins. Society,* 200 Ga. 1 (36 SE2d 81) (1945).

The clear intent of the 1979 Act was to revise the laws of this state to comply with Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979). While there may be cases where because of the changed circumstances of the parties it would be reasonable to extend the time for alimony payments, the decision to allow such extensions rests in the legislature. Since the intent as expressed in the Act itself does not encompass the substantive changes urged by the appellant, and since that construction would in effect overturn long-standing cases, we do not find that changing "and" to "or" in Code Ann. § 30-221 was intended to expand the scope of modification proceedings.

We therefore hold that the trial court was correct in granting partial summary judgment to the former husband on the ground that the former wife may not extend the time for alimony payments beyond the termination date in the original judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1982.

*Fleming & Blanchard, J. Richard Dunstan,* for appellant.
*Surrett, Choate & Walker, Carl J. Surrett,* for appellee.