39736, 39912. CABANISS v. CABANISS; and vice versa.

HILL, Chief Justice.

This appeal is from a child support modification award. We granted the father's application to appeal. OCGA § 5-6-35 (Code Ann. § 6-701.1). The mother brings a cross appeal. OCGA § 5-6-38 (Code Ann. § 6-803).

On February 19, 1982, the trial court awarded a present increase in child support of $50 per child per week. On March 1, 1982, the court amended this award to $50 per child per month. The court also awarded an automatic modification in child support of $25 per child per week, to commence five years from the date of the original order. This automatic increase was based on the trial court's consideration of the probable increase in the father's earnings from his law practice and the trial court's desire to avoid unnecessary legal expenses in the future.

The father contends the trial court erred in granting an automatic future modification in child support five years hence, without evidence of any change in income as required by OCGA § 19-6-19 (a) (Code Ann. § 30-220). The mother cross appeals requesting a greater increase in child support, or reinstatement of the court's initial (weekly) modification award. The mother also contends the trial court erred in allowing certain photographs in evidence and in not enforcing an oral agreement of the parties.

1. The father contends that the trial court's prospective child support award is invalid. We agree. An automatic future modification is valid when a fixed amount of alimony is awarded, and the variable award is contingent upon a specified change in income. See *Golden v. Golden,* 230 Ga. 867 (2) (199 SE2d 796) (1973); *Hayes v. Hayes,* 248 Ga. 526, 528 (3) (283 SE2d 875) (1981). The automatic modification in this case is not based upon a specified change in income. It is based upon the passage of time and the possibility of a change in income during that time. Hence the evidence is insufficient to support the future automatic modification. See OCGA § 19-6-19 (a) (Code Ann. § 30-220). Upon remand, the provision as to future modification shall be stricken from the award.

2. The mother contends the trial court erred in amending its initial child support award after the term at which it was entered. We do not agree. "Clerical mistakes in judgments, orders or other parts of the record may be corrected by the court at any time of [sic] its own initiative or on the motion of any party and after such notice, if any, as the court orders." OCGA § 9-11-60 (g) (Code Ann. § 81A-160).

3. The mother also contends the trial court erred in admitting in evidence certain photographs of her residence. She claims these photographs are not relevant to the issues and were obtained by illegal entry. As for relevancy, this was a matter within the discretion of the trial court, particularly as the proceeding was nonjury. As for the alleged illegal entry, the exclusionary rule is applicable to governmental officers, not private citizens. Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081) (1961). We find no reversible error here.

4. The court did not err in refusing to enforce the alleged oral agreement of the parties. The mother testified that the father agreed to help with the children's education, but did not want this in writing because he did not know whether he could pay one-half, three-fourths, or all these expenses. This agreement was not included in the settlement agreement which was incorporated in the final divorce decree. The settlement agreement contained a "merger clause."

Negotiations and oral agreements between husband and wife, preceding divorce, as to alimony or child support, are, by presumption of law, merged in the final judgment in the divorce suit. Understandings between the husband and wife which are not incorporated into the divorce decree are not binding. *Pannell v. Pannell,* 162 Ga. App. 96 (290 SE2d 184) (1982); *Estes v. Estes,* 192 Ga. 94 (14 SE2d 681) (1941); OCGA § 24-6-1 (Code Ann. § 38-501). The cases relied upon by the mother are inapposite.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

DECIDED JUNE 28, 1983.

Richard J. Cabaniss, *pro se.*
Turner, Turner & Turner, Jack P. Turner, for appellee.