S91A1433. HOWARD v. HOWARD.
(414 SE2d 203)

CLARKE, Chief Justice.

The parties were divorced in September 1986. The divorce decree provided that husband would pay wife $1,000 per month in alimony, "continuing until the death of either party, remarriage of [wife] or otherwise terminated under the laws of Georgia, or until ten (10) years from July 15, 1986, whichever shall come first." The decree additionally provided that at the end of the ten-year period, the alimony payments would be reduced to $800 per month "until said payments are terminated under the laws of the State of Georgia."

Several months after the entry of judgment, wife filed this action for modification. The trial court temporarily modified the original decree to award wife $1,300 per month. Subsequently a jury trial was held during which the jury inquired of the court whether it could "set a new time" for the alimony to be paid. The trial court responded that the jury could do so, and the jury returned a verdict which provided that husband would pay wife $2,500 per month alimony beginning September 1, 1990, and "continuing until the death of either party, remarriage of wife or until September 1, 2000." Then, "if said payments have not previously terminated by the laws of the State of Georgia, said payment of $2,500/month shall be reduced to $2,000 per month . . . until said payments are terminated by the laws of Georgia or until the death or remarriage of [wife] or the death of [husband]." The jury's verdict was made the judgment of the court.

We granted appellant husband's application to appeal to determine whether the jury was authorized to modify the time frame for alimony payments.

1. In *Gallant v. Gallant*, 223 Ga. 397 (156 SE2d 61) (1967), the original decree provided that husband would pay wife $40 per week in child support, "said payment to continue until [wife] remarries or until one of the children attains the age of 18, marries or becomes self-supporting. . . ." Following the wife's petition for an upward modification of alimony, the trial court entered judgment ordering husband to pay "as permanent child support to the [wife] each week . . . the sum of $65 and said amount shall be paid each week until the oldest child reaches majority." At the time judgment was entered the age of majority was 21.

This court reversed, finding that the trial court had no authority to extend the time in which periodic support payments were to be made. *Gallant* was approved and followed by this court in *Fender v. Fender*, 249 Ga. 765 (294 SE2d 472) (1982), holding that an award of periodic alimony for a specified number of years may not be modified to extend beyond the termination date in the original judgment. We held in *Fender* that

"[w]hile there may be cases where, because of the changed circumstances of the parties it would be reasonable to extend the time for alimony payments, the decision to allow such extensions rests in the legislature."

The purpose of a modification action is to decide whether the existing alimony or child support comports with the current financial circumstances. To make this determination, the modification jury must find present change in financial conditions. Because the verdict of the jury must rest upon this limited evidence, it cannot reach into speculative future circumstances. Therefore, any modification award which attempts to reach that far by changing the time frames established in the original decree cannot stand.

2. Further, we conclude that the jury lacked authority to make an automatic future modification of alimony following the end of the ten-year period. This court has held that a future modification of support is permissible when made contingent on a specified change in income, *Golden v. Golden*, 230 Ga. 867 (199 SE2d 796) (1973), or a specified change in an income source, such as a percentage of a pension. *Hayes v. Hayes*, 248 Ga. 526 (283 SE2d 875) (1981). However, when a fixed amount of alimony is awarded, it may not be automatically modified "based upon the passage of time and the possibility of a change in income during that time." *Cabaniss v. Cabaniss*, 251 Ga. 177, 178 (304 SE2d 65) (1983).

*Judgment reversed. Clarke, C. J., Weltner, P. J., Hunt, Benham and Fletcher, JJ., concur; Bell, J., concurs specially.*

BELL, Justice, concurring specially.

In Division 1 the majority holds that a modification jury may only concern itself with the current financial circumstances of the parties, and that therefore, in the instant case, the modification jury could not change the time frames established by the original jury. Because the original jury's initial ten-year award of alimony was scheduled to end on July 15, 1996, I understand the majority opinion as precluding the modification jury from inquiring into the parties' financial circumstances beyond July 15, 1996. The majority has thus adopted the appellant's position that the $2,500 per month award of

the modification jury had to cease on July 15, 1996, at which time the original jury's reduced alimony award of $800 per month would begin.

I cannot ascribe such limited effect to the power of a modification jury. In *Cabaniss v. Cabaniss*, 251 Ga. 177, 178 (1) (304 SE2d 65) (1983), this Court implicitly approved the power of a modification jury to consider the future financial circumstances of the parties and to make an automatic future modification based on a specified future change in the parties' financial circumstances. The majority's holding in this case that the modification jury is limited to evidence of the parties' financial circumstances at the time of modification is inconsistent with *Cabaniss*. In cases involving an award of permanent periodic alimony, I believe a modification jury should be able to hear evidence regarding the present and future financial circumstances of the parties, and should be able to change any time frames set by the original jury if justified by the changed financial circumstances of the parties, so long as the *overall* time frame set by the original jury is not exceeded. In this case, the modification jury was in a better position to set the parties' alimony for 1996 than was the original jury, as the modification jury was operating on more current information regarding the parties' financial circumstances. It seems illogical to say that the original jury's award of $800 per month, which was based on information regarding these parties that presumably is now outdated, must control in 1996. Moreover, the majority's approach encourages future litigation. If on remand the appellee shows that the appellant is able to pay $2,500 per month, instead of $1,000 per month, until the year 1996, the appellee will in all probability file for another modification in 1996, and will in all probability succeed. I see no reason to require such future litigation when the modification jury in this case was equipped to deal with that issue.

Finally, I believe that the majority's holding in Division 1 — that the modification jury may not extend any award past July 15, 1996 — renders unnecessary Division 2 of the majority opinion, in which the majority holds that the modification jury's automatic future modification in the year 2000 was not based on a specified change in the financial circumstances of the parties. However, my position concerning Division 1, were it adopted by this Court, would require a ruling on the issue presented by Division 2. In this regard, I agree with the majority that the automatic future modification was not based on a specified change in the parties' financial circumstances, and was thus invalid. I would reverse the judgment for this reason.

DECIDED MARCH 4, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, Pamela A. Beverforden,* for appellant.
*Cheeley & Chandler, Joseph E. Cheeley, Jr., Joseph E. Cheeley III,* for appellee.