S92A1251. TEMPLES v. TEMPLES.
(425 SE2d 851)

Sears-Collins, Justice.

The parties were divorced on June 1, 1989. The divorce decree incorporated a settlement agreement which provided for payment of alimony by the appellee (the former husband) to the appellant (the former wife). In 1990, the appellee, claiming a substantial decrease in income, filed an action for modification of alimony pursuant to OCGA § 19-6-19 (a). The jury modified the alimony award, and the trial court entered a judgment on the jury verdict.[1] We affirm.

1. The appellant contends that the judgment is invalid because it modifies the duration of the alimony payments, instead of modifying only the amount of the payments. We have held that alimony may be modified under § 19-6-19 (a) "only by raising or lowering the amount of the payments." Fender v. Fender, 249 Ga. 765, 766 (294 SE2d 472) (1982). We now hold that where the financial circumstances of the parties so warrant, it is not error in a modification action for the amount of alimony payments to be lowered to $0.00. Reduction of the amount of alimony payments to $0.00 does not terminate the alimony

---

[1] The divorce decree provided that the appellant would get the house; the appellee would pay the mortgage, taxes, insurance, repairs, and utilities; the appellant would receive the 1985 Laser automobile; the appellee would pay all taxes, insurance, and repairs on the vehicle, and would provide and maintain for the appellant an equivalent vehicle until such time as she remarries or dies; the appellee would make the appellant the beneficiary of his retirement income policy and would pay all medical, hospital, and dental bills; and the appellee would further provide $140 per week in alimony until the appellant remarries or dies.

The alimony was modified as follows: the $140 per week would cease after 13 weeks; the appellee did not have to provide the appellant a new vehicle or maintain the appellant's present vehicle; all medical payments should cease immediately, but the appellee must continue to carry the appellant's insurance for 6 months; and the appellee no longer had to pay the appellant's utility bills.

award,[2] in that it does not preclude the possibility of future modification. A future modification action is possible if the original time frame for payments does not expire before another modification action can, by law, be brought. See OCGA § 19-6-19 (a).[3]

2. Also, a court in a modification action has "no authority to extend the time in which periodic support payments [are] to be made." *Howard v. Howard*, 262 Ga. 144, 145 (414 SE2d 203) (1992), citing *Gallant v. Gallant*, 223 Ga. 397 (156 SE2d 61) (1967). The time frame for payments set forth in the divorce decree in this case was "until the wife's remarriage or death." The modification judgment in this case created a grace period, in which the appellant could adjust to the reduction of alimony to $0.00, by making portions of the judgment effective only after three to six months. While it is conceivable that the appellant could die or remarry before the end of this grace period, it is implicit in the modification judgment that should such an event occur, then the grace period would no longer be in place and alimony would terminate at that point, pursuant to the divorce decree. Accordingly, we hold that the time frame for making payments has not been extended.

Also in *Howard*, we noted that "[t]he purpose of a modification action is to decide whether the existing alimony . . . comports with the current financial circumstances" . . . , and that modification cannot be based on "speculative future circumstances." *Howard*, 262 Ga. at 145. It is apparent from the record that the modification in this case was based on present circumstances. The postponement of the effectiveness of portions of the modification for a short grace period does not constitute an "automatic future modification" based on the possibility of a further change in financial circumstances, as was contemplated by *Howard*.

3. "The final decision of whether to modify [an alimony] award is within the discretion of the trier of fact." *Marsh v. Marsh*, 243 Ga. 742 (256 SE2d 442) (1979). We find that the evidence was sufficient to support the judgment and that the trial court did not abuse its discre-

---

[2] To the contrary, we have affirmed the *termination* of alimony obligations in modification actions based upon the cohabitation by the spouse receiving support with a third party in a meretricious relationship, OCGA § 19-6-19 (b), because cohabitation in a meretricious relationship is "similar in nature to marriage," and remarriage would terminate the alimony by law. *Sims v. Sims*, 245 Ga. 680 (266 SE2d 493) (1980); *Berman v. Berman*, 253 Ga. 298 (319 SE2d 846) (1984). That rationale does not apply in a modification action based upon a change in the need or financial circumstances of a party under OCGA § 19-6-19 (a).

[3] We recognize that when there is no alimony awarded in the original divorce decree, a modification action is not authorized, there being no award to modify. See OCGA § 19-6-21; see also *Bickford v. Bickford*, 229 Ga. 229, 230 (190 SE2d 70) (1972). However, modification of an existing award to $0.00 under § 19-6-19 (a) does not erase the original award, which remains susceptible to future modification, if otherwise possible.

tion.[4]

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher, JJ., and Judge Frank C. Mills III concur; Hunstein, J., dissents.*

HUNSTEIN, Justice, dissenting.

I cannot agree with the majority's affirmance of an award which, under the guise of "modification," relieved appellee of his alimony obligations and improperly divested appellant of alimony to which she was entitled. In the trial on appellee's petition, the merits of appellant's entitlement to alimony were not in issue for the jury's consideration. OCGA § 19-6-20. The plain language of the verdict and judgment thereon, however, reveals that the issue of appellant's entitlement to alimony was the controlling concern of the jury and that their award was rendered with the intent to terminate appellee's alimony obligations.[5]

The result of the jury's award is that appellant is now entitled to receive nothing in alimony. It is pure sophistry to assert under the circumstances that an entitlement to receive nothing is an entitlement. I do not agree with the majority that an award entitling a party to no alimony can be upheld as a "modification" under OCGA § 19-6-19 (a) merely because the award does not preclude the party from the possibility of obtaining future modifications. Nothing in OCGA § 19-6-20 authorizes the jury to suspend, discontinue, or terminate a party's entitlement to alimony even on a temporary basis. A party's entitlement to alimony can be statutorily terminated only under OCGA § 19-6-19 (b), the "live-in lover" provision, which is clearly not applicable in the case sub judice.

---

[4] The dissent states that the language in the judgment purporting to render the modification permanent indicates that the jury considered the appellant's entitlement to alimony, in violation of OCGA § 9-6-20. This issue was neither raised nor addressed by the parties. Even had it been, the jury was properly charged, and any conclusion about its reasoning is sheer speculation. Moreover, any language in the verdict or judgment regarding permanence of the modification is useless surplusage, see *Southern R. Co. v. Oliver &c.*, 1 Ga. App. 734, 738 (58 SE 244) (1907), as the law clearly allows modification of alimony at least every two years, if the circumstances of the parties so warrant, OCGA § 19-6-19 (a).

[5] A review of the verdict and the judgment reveals language expressly terminating appellee's obligations under the settlement agreement. E.g., the verdict makes provisions to "discontinue" some payments and to "delete" sentences in the settlement agreement addressing other obligations. The judgment, which conformed to the jury's award, provides that appellee's obligations for weekly payments of alimony are "discontinued, stricken and canceled"; that appellee is "relieved of all future obligations in regard to the purchase and maintenance" of appellant's automobile; that obligations regarding payment of future dental and medical expenses are "deleted and terminated immediately and [appellee] has no future obligation to pay for same in the future"; and that the provision obligating appellee to pay appellant's utility expenses is "hereby stricken in its entirety [and appellee] has no obligation to pay for said expenses after August 28, 1991." The only term still in effect from the settlement agreement is appellee's obligation to maintain appellant's 1985 automobile.

Accordingly, because I cannot uphold style over substance and accept as a "modification" what is clearly a de facto termination of alimony in contravention of OCGA § 19-6-20, I respectfully dissent.

DECIDED FEBRUARY 5, 1993 —
RECONSIDERATION DENIED FEBRUARY 25, 1993.

*Newton, Smith, Durden, Kaufold & McIntyre, Howard C. Kaufold, Jr., Sherri Paul McDonald,* for appellant.
*Wilson, Strickland & Benson, Frank B. Strickland,* for appellee.