S09A1081. WILLIS et al. v. CITY OF ATLANTA et al.

(684 SE2d 271)

HUNSTEIN, Chief Justice.

This appeal involves a constitutional challenge to a City of Atlanta ordinance that prohibits persons under the age of 21 from entering, remaining in or loitering at any business licensed for the sale of alcoholic beverages by the drink at retail or for consumption on the premises. Appellants are five young women between the ages of 18 and 21 who work as adult entertainers and are employed as performers at a business to which the ordinance applies. Appellees are the City of Atlanta and its mayor (hereinafter, "the City"). For the reasons that follow, we hold that the trial court erred by upholding the constitutionality of the ordinance.

1. As an initial matter, the City's motion to transfer this case to the Court of Appeals is denied. Contrary to the City's contention, this Court has jurisdiction in "all cases in which the constitutionality of a law, *ordinance*, or constitutional provision has been drawn in question." (Emphasis supplied.) Art. VI, Sec. VI, Par. II, Ga. Const. 1983. Appellees' reliance on *Savannah TV Cable Co. v. Mayor &c. of Savannah*, 225 Ga. 821 (171 SE2d 498) (1969) is misplaced because that case predates the 1983 Constitution that first provided for this Court's jurisdiction over constitutional challenges to ordinances, see Art. VI, Sec. VI, Par. II, supra, and thus has not constituted valid precedent for over 25 years.

2. The challenged ordinance, City of Atlanta Code of Ordinances § 10-12, provides, in pertinent part, that

[n]o person under the age of 21 years shall enter, remain in or loiter on any licensed premises . . . licensed for the sale of alcoholic beverages by the drink at retail, or sale of alcoholic beverages for consumption on the premises; nor shall any

> licensee [or employee] permit or allow any person under the age [of 21] to remain in or loiter in or about such place.[1]

Notwithstanding the blanket prohibition established in § 10-12, another City ordinance contains so many exceptions to its prohibition, see City of Atlanta Code of Ordinances, § 10-13, that only a handful of businesses are actually affected by § 10-12. Among those few businesses not excepted by § 10-13 are ones that offer adult entertainment, such as the nightclub where appellants work.

Appellants assert that § 10-12 violates Art. III, Sec. VI, Par. IV (a) of the Georgia Constitution of 1983,[2] in that it is a local law that conflicts with and is thus preempted by the general law set forth in OCGA § 3-3-24 (a). That statute provides that "[n]o person shall allow or require a person in his employment under 18 years of age to dispense, serve, sell, or take orders for any alcoholic beverages." The trial court disagreed, ruling that OCGA § 3-3-24 (a) is a "law of prohibition and not one primarily of permission," in that it "only permits people over the age of eighteen to serve alcohol by negative implication. It does not mandate that people over the age of eighteen must be allowed to serve alcohol." Based on this construction of OCGA § 3-3-24, the court concluded that § 10-12 did not conflict with and thus was not preempted by general law.

We hold that the trial court erred in its interpretation of OCGA § 3-3-24 (a) because it failed to consider that statute in pari materia with OCGA § 3-3-23 (e) (1). See generally *Butterworth v. Butterworth*, 227 Ga. 301, 303-304 (180 SE2d 549) (1971) (setting forth the "elementary rule of statutory construction" that statutes "in pari materia," i.e., statutes relating to the same subject matter, must be construed together). Both OCGA §§ 3-3-23 (e) and 3-3-24

---

[1] The ordinance then recognizes that it does not apply to persons covered by OCGA § 3-3-24 (b) (persons under 18 years of age employed in supermarkets, convenience stores, breweries or drugstores not prohibited from selling or handling alcoholic beverages that are sold for consumption off the premises).

[2] Art. III, Sec. VI, Par. IV (a), known as the uniformity clause, provides that

> [l]aws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case for which provision has been made by an existing general law, except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws.

The clause's first provision

> follows the preemption rule . . . by precluding local or special laws when general laws exist on the same subject. . . . The clause's second provision provides for an exception to the general rule of preemption when general law authorizes the local government to act and the local ordinance does not conflict with the general law. We have concluded that there was no conflict when the local law did not impair the general law's operation but rather augmented and strengthened it.

(Footnotes omitted.) *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272, 275 (2) (507 SE2d 460) (1998).

relate to the same subject matter, namely, the dispensing, serving, selling or handling of alcoholic beverages by underaged persons as a part of their employment. Indeed, OCGA § 3-3-23 (e) specifically references OCGA § 3-3-24, as it provides that

> [i]f such conduct is not otherwise prohibited pursuant to Code Section 3-3-24, nothing contained in this Code section shall be construed to prohibit any person *under 21 years of age* from: (1) Dispensing, serving, selling, or handling alcoholic beverages as a part of employment in any licensed establishment.

(Emphasis supplied.) OCGA § 3-3-24, as quoted above, specifically targets only the conduct of persons under 18 years of age in its prohibition. Thus, when these two statutes are read together, it is clear that the Legislature's intent is to allow persons who are over the age of 18 but not yet 21 years old to dispense, serve, sell or handle alcoholic beverages as part of their employment. To do so, persons within that age group must necessarily be permitted to enter licensed establishments where such beverages are dispensed, served, sold or handled. Hence, § 10-12 directly impairs the operation of these general statutes by prohibiting persons aged 18 to 21 from entering in or remaining at the premises of licensed establishments where they are legally entitled to hold jobs that involve dispensing, serving, selling or handling alcoholic beverages. It follows that the the trial court erred by rejecting appellants' challenge under Art. III, Sec. VI, Par. IV (a) to the City's ordinance.[3] See generally *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272 (2) (507 SE2d 460) (1998) (local law preempted when it conflicts with general law by impairing the general law's operation).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Begner & Begner, Alan I. Begner, Cory G. Begner*, for appellants.
*Amber A. Robinson, Elizabeth B. Chandler, Jerry L. DeLoach*, for appellees.

---

[3] Our holding thus renders it unnecessary to address the trial court's rulings on the other constitutional challenges raised by appellants.