## 30759. HILL v. RIGSBY.

NICHOLS, Chief Justice.

This appeal is from a judgment holding Hill, the former husband of Rigsby, in contempt of court for failure to comply with the provisions of an agreement entered into between the parties and made a part of the divorce decree.

The agreement provided that title to described real and personal property was to be transferred to the former wife and that the husband was to make the monthly payments as to the real property until "the same is paid in full" and as to the personal property "the husband to be liable for any indebtedness on the above-described" property.

The contention of the former husband is that when the former wife married Rigsby, it relieved him of making future payments on either the real or personal property.

The appellee contends that the agreement provided for a property settlement and that the former husband

was not relieved from complying with such agreement by her subsequent marriage.

Under decisions exemplified by *Morris v. Padgett,* 233 Ga. 750 (213 SE2d 647) (1975), the agreement executed by the parties and approved by the trial court was a property settlement and not an agreement that provided for periodic payments of alimony. Accordingly, the trial court did not err in finding that the former husband's responsibility to make the payments on the debts, which amounts were definite and ascertainable, were not terminated by the wife's subsequent marriage. The judgment of the trial court holding the former husband in contempt of court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1976 — DECIDED FEBRUARY 17, 1976

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellant.

*Garland T. Byrd,* for appellee.