32411. BISNO v. BISNO.

BOWLES, Justice.

The parties in this case were formerly husband and wife. Following separation the wife filed suit in Clayton Superior Court for custody, temporary and permanent child support, temporary and permanent alimony and attorney fees. While that suit was pending the parties reached an agreement settling those questions, and reduced the same to writing. Upon the husband's filing of a suit for divorce that agreement was incorporated into the final judgment and decree dated March 27, 1974. The wife subsequently remarried on October 28, 1976. The wife then filed a complaint for contempt against her husband contending that he had failed to comply with the decree according to her interpretation of its terms and conditions. The husband defended based on his interpretation of the decree.

The agreement in question referred to the former wife's suit and the parts, insofar as material here, follow: "Whereas, it is the desire of wife and husband to settle all matters of custody of the minor children, alimony, child support, distribution of property, and related matters by agreement;".

Paragraph "(2) Beginning on January 1, 1974 and continuing until August 31, 1975, husband shall pay to wife as alimony the sum of $400.00 per month as long as she is in life and unmarried. In the event wife remarries, all alimony payments shall cease."

Paragraph "9(a) Within 40 days of the date of this agreement, husband agrees to pay to wife as a lump sum

settlement the sum of $3,000.00 cash.

"(b) Beginning on February 1, 1974 for a period of 121 months thereafter, husband shall pay to wife as permanent alimony the sum of $100.00 per month. Said payments shall be permanent alimony to wife and deductible by husband for tax purposes."

The trial court construed the decree as contended for by the wife, entered judgment thereon accordingly, and the husband appeals that judgment to this court. We reverse.

It should be borne in mind that at the time this agreement was entered into by the parties there was no suit for divorce pending and the parties were attempting to settle both questions of temporary alimony and permanent alimony in the former wife's separate maintenance suit. Thus, it appears that the intention of the parties regarding paragraph 2, was that the wife would get $400 a month for 20 months certain if she did not die or remarry, and in the event she remarried, all alimony payments would cease. This interpretation is not disputed by the parties.

Clearly, paragraph 9 (a) is a lump sum payment to the wife in the amount of $3,000 within a 40 day period following the entering of the decree. This likewise is not in dispute.

Paragraph 9 (b) then follows, without mentioning lump sum in any way by reference or otherwise, and provides for permanent alimony. The words used in that subparagraph are not ambiguous. They provide for monthly payments for a definite period of time, which the parties agreed would be for a period of 121 months thereafter. After that provision and in the same paragraph the decree says: *"Said payments shall be permanent alimony to wife and deductible by husband for tax purposes."* (Emphasis supplied.) Thus, the agreement incorporated in the decree says what those payments would be, with no indication to the contrary.

Appellee cites a number of cases of this court, including our holding that alimony in a lump sum, or in gross, is in the nature of a property settlement, whether designated as such or as alimony, and that the statutory provision for termination of alimony on the remarriage of

the wife is not applicable to such a property settlement. *Newell v. Newell,* 237 Ga. 708 (229 SE2d 449) (1970) and cits.

We think the cases relied upon by appellee are distinguishable. For instance, *Newell v. Newell,* supra, involved an agreement wherein the husband agreed with regard to a parcel of land that in the event the land was later sold or developed he would pay the wife the fair market value of said acreage as a payment of "alimony." This court held that to be a property settlement although referred to as alimony. The statement in *Newell* referring to a "lump sum, or in gross" alimony payment does not include the provisions of a decree which simply provide for periodic payments over a given time, with no indication of a lump sum or in gross payment other than by simply multiplying the amounts due by the number of applicable periods.

*Morris v. Padgett,* 233 Ga. 750 (213 SE2d 647) (1975) involved an agreement that awarded to the wife the fee simple title to the house with the provision that the husband "shall continue to make the monthly installments on the *outstanding indebtedness presently due on the above property.*" We held that this constituted a property settlement because the obligation assumed was a definite, ascertainable sum (i. e. "the amount presently due"). See also, *Eastland v. Candler,* 226 Ga. 588 (176 SE2d 89) (1970); *Davis v. Welch,* 220 Ga. 515 (140 SE2d 199) (1965); and *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663) (1959), for similar provisions but which are not applicable here because decided prior to the Acts of the legislature 1966, page 160, amending Code Ann. § 30-209.

In entering into an agreement such as the present one, both parties usually consider the tax consequences, and in this case they did so. A property settlement would not ordinarily be taxable income to the wife. USCA Title 26, § 71 (a) (1) (a) (3).

On the other hand, it would not be a tax deduction to the husband. In order for periodic alimony payments to be a tax deduction for the husband, and in turn taxable income to the wife, the agreement must provide for payments over an indefinite period of time, or payments

for a fixed term in excess of ten years. The parties to this agreement elected to make these payments due over a period of ten years and one month, thus clearing by one month the permissive requirements of the Internal Revenue Code. USCA Title 26, § 71 (c) (1) (2).

To our minds there is no ambiguity. The parties intended these payments to qualify as tax deductions to the husband. To do this they had to be qualifying permanent alimony payments and not a property settlement as claimed by the wife.

We think that the interpretation of the final decree by the trial judge is incorrect, and hold that the provisions of paragraph 9 (b) of the decree provide for permanent alimony installments to the wife. Those installments, the time for the performance of which had not yet arrived upon the wife's remarriage, ceased, because neither the agreement nor the decree provided otherwise. Code Ann. § 30-209, as amended by Ga. L. 1966, p. 160.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JUNE 14, 1977 — DECIDED JUNE 30, 1977 — REHEARING DENIED JULY 14, 1977.

*Hicks & Scroggins, John H. Hicks,* for appellant.
*Margie Pitts Hames,* for appellee.