## 32575. DUNCAN v. DUNCAN.

BOWLES, Justice.

Vernon W. Duncan appeals from an order of Cobb Superior Court, finding him not in wilful contempt of an earlier judgment of that court granting a divorce to him and appellee, but finding him in violation of that judgment and ordering him to comply with the judgment according to the interpretation set forth in its March 30, 1977 order.

Before a divorce was entered, the parties to this suit entered into an agreement reciting that their intent was to settle all matters between the parties regarding property settlement, alimony, custody of minor children and child support. This agreement was incorporated into the final judgment of the court in the parties' subsequent divorce action granted November 13, 1975.

On October 26, 1976, appellee was remarried. At that time appellant ceased making mortgage payments to the appellee pursuant to their agreement on the residence given to appellee therein. Appellant also changed the beneficiary of three insurance policies he had maintained for the benefit of appellee under the agreement terms. Appellee filed a suit for contempt against her former husband, contending that these payments were a part of a property settlement between the parties, and were to continue in the event of the wife's remarriage. The appellant argues that these payments constituted periodic alimony payments and ceased upon her remarriage. The trial court found for the wife. We affirm.

Paragraph 5 of the parties' agreement gave the appellee fee simple title to a home and 4.6 acres of land at 150 Durham Street, Marietta, Georgia. It required the husband to execute a warranty deed placing title in appellee's name, subject to the first and second mortgages then on the property. Paragraph 6 of the agreement made appellant responsible for paying the mortgage notes on the home, said payments to be paid to appellee who was responsible for forwarding all monthly payments to the mortgage companies. Paragraph 18A provided that, in the event of appellant's death before the mortgages were paid, his estate would be responsible for clearing and

paying the first and second mortgages on the Durham Street property.

We agree with the trial court in its conclusion that the payments contemplated in paragraph 6 constitute a property settlement between the parties, and therefore did not abate upon the remarriage of the wife.

Review of the entire agreement shows that the parties agreed to divide their personal and real properties. The appellant received certain unencumbered real property valued at $92,500. The appellee received the 150 Durham Street property valued at between $80,000 and $100,000, but subject to a $13,600 mortgage. Personal property was divided relatively equally. The appellee gave up all claims to periodic alimony payments in the agreement. Requiring appellant to make payments on the mortgages until they were paid off would contribute to the equality of the division of the real property, and thus to the equality of the entire agreement. This intent is demonstrated by paragraph 18A which would make appellant's estate liable for the payments should he die before the desired result was reached.

In executing a warranty deed on the property to the appellee, the appellant provided in the deed that he would be responsible for monthly mortgage payments until appellee should remarry, die or sell the property. This deed, executed on November 18, 1975, after the agreement and judgment of divorce were entered, will not be read to modify the terms of the decree based on the agreement originally entered into and accepted by the parties as a "full, final, and complete settlement." *Meredith v. Meredith,* 238 Ga. 595 (1) (234 SE2d 510) (1977). The appellant's argument that this language in the deed showed the real intent of the parties is without merit.

A construction of the entire agreement leads us to the conclusion that the obligation to pay the mortgages was intended as a lump-sum payment which was part of the property settlement between the parties. *Morris v. Padgett,* 233 Ga. 750 (213 SE2d 647) (1975); *Hill v. Rigsby,* 236 Ga. 318 (223 SE2d 697) (1976); *Bennett v. Bennett,* 236 Ga. 764 (225 SE2d 264) (1976). In the recent case of *Bisno v. Bisno,* 239 Ga. 388 (236 SE2d 755), we held

that provisions in a decree specifying periodic payments to be made until a sum certain has been paid is a property settlement, while provision for periodic payments over a given time, or unlimited time, with no indication of a gross amount other than by multiplying the amounts due by the number of payment periods is alimony.

The mortgage payments as set forth in this agreement were of a definite amount, ascertainable by looking on the face of the debt instruments. There was no provision in the agreement that the payments by the husband were to terminate on the wife's remarriage. Although the payments were permitted to be made over a definite period of time, the total debt could be determined from each debt instrument. The logical intent of requiring appellant to make the payments was for him to assume the whole of the obligations so as to equalize the property distribution of the parties. This method of effecting a property settlement would not terminate the husband's unfulfilled responsibility on the wife's remarriage.

Paragraph 17 of the agreement provided that the appellant would keep in force three life insurance policies naming appellee as beneficiary. Upon appellee's remarriage, appellant changed the beneficiaries to his estate. There was no indication given in the agreement that the benefit of these policies to the appellee would terminate upon her remarriage. Construing the entire agreement as essentially a property settlement, we find that the benefit of the three insurance policies to the appellee should continue.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1977 — DECIDED SEPTEMBER 28, 1977.

*Sams, Glover & Gentry, Irma B. Glover,* for appellant.

*Westmoreland, Hall, McGee & Warner, Clifford Oxford,* for appellee.