## 33325. SOLOMON v. SOLOMON.

HALL, Justice.

The sole issue presented on this appeal is the proper construction of this portion of the jury verdict in appellant-former wife's alimony action: "Defendant [former husband-appellee] to pay plaintiff $350.00 per month for a period of (5) years."

The trial court, in drafting a decree to implement the order, designated the amount periodic alimony and provided that it should terminate upon former wife's death or remarriage. (See Code Ann. § 30-209.) She appeals urging that the court erred, and that she should receive the given amount for five years without the stated contingencies. Former husband argues that the trial court correctly molded the decree (see Code Ann. § 110-106) in accord with our recent decisions, e. g., *Bisno v. Bisno,* 239 Ga. 388 (236 SE2d 755) (1977).

In our opinion the case is close because the jury were at no time informed that an award in the form of installment alimony payments would terminate on wife's death or remarriage. Consequently, the jury cannot be thought to have intended this result. Nonetheless, we affirm the trial court for the following reasons:

1. The trial court's decree bears a notation at the end that it was "approved as to form," followed by the signatures of an attorney for each party. Consequently, appellant's attorney approved the language now

challenged.

2. The record before us contains no evidence and no transcript of the trial before the jury. We have only the transcript of the charge to the jury and subsequent proceedings culminating in the verdict. Consequently, we have no basis for concluding that the jury must have intended the $350 monthly payment to be a property settlement, in the absence of clearer language to that effect.

3. Though this precise point of construing a jury verdict has apparently never been squarely decided, the trend of our decisions accords with this statement in *Duncan v. Duncan,* 239 Ga. 789, 791 (238 SE2d 902) (1977): ". . . provisions in a decree specifying periodic payments to be made until a sum certain has been paid is a property settlement, while provision for periodic payments over a given time, or unlimited time, with no indication of a gross amount other than by multiplying the amounts due by the number of payment periods is alimony." Accord, *Bisno v. Bisno,* supra; *Davis v. Welch,* 220 Ga. 515 (140 SE2d 199) (1965); *Roberson v. Roberson,* 199 Ga. 627 (34 SE2d 836) (1945). (Where the installments or deferred payments in question relate to real property, whether mortgage payments or proceeds of sale, the rule appears to be that they are items of a property settlement, not terminable upon wife's remarriage. E.g., *Newell v. Newell,* 237 Ga. 708 (229 SE2d 449) (1976); *Bennett v. Bennett,* 236 Ga. 764 (225 SE2d 264) (1976); *Morris v. Padgett,* 233 Ga. 750 (213 SE2d 647)(1975).)

The payments here in question do not relate to real property; they are periodic; and there is no indication of a gross amount other than by multiplying the amount by the number of months. Accordingly, these facts fit more nearly the alimony definition.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

Argued March 13, 1978 — Decided April 3, 1978 — Rehearing denied April 19, 1978.

*Henson & Cheves, James E. Butler, Jr., Kenneth M. Henson,* for appellant.

*Cohn & Cohn, Leslie L. Cohn, Paul V. Kilpatrick, Jr.,* for appellee.