35390. NASH v. NASH.

HILL, Justice.

The parties were divorced in 1977. A jury awarded the wife "$700 per month permanent alimony" to be paid monthly for 84 months (seven years) and $800 per month child support payable until the three children attained their majority, died, married, or became self-supporting.

In 1979, after one of the children reached majority, the husband filed a petition for modification of alimony and child support, alleging a substantial change in his ability to pay. At a trial demanded by the wife, the jury reduced the wife's permanent alimony to $300 per month for 65 months (the balance of the original seven years). The $800 per month child support award was changed to $266 per month for each of the 2 remaining minor children, to terminate when each child reached the age of eighteen years, died, married, became self-supporting, or left the wife's home. The wife appeals.

1. The wife asserts that the trial court erred in submitting to the jury the issue of modification of the "permanent alimony" award. She made a motion not to submit the issue, contending that the award of permanent alimony was in actuality a division of property and not subject to modification. The record of the original divorce trial is not before the court.

Once again we are called upon to decide whether the original award to the wife of $700 per month for 84 months was permanent alimony payable periodically and hence subject to revision under Code Ann. § 30-220, or was an award from the corpus of the husband's estate (payable periodically) and hence not subject to such revision. Code Ann. § 30-222 (as amended, Ga. L. 1979, pp. 466, 484).

(There is no evidence before us from which we could conclude that the payment to the wife was division of property.)

One-time payments, whether alimony, payments of corpus or divisions of the separate property of the parties, are not subject to revision under Code Ann. § 30-220. *Taulbee v. Taulbee,* 243 Ga. 52 (252 SE2d 481) (1979). Only periodic payments of permanent alimony are subject to revision under Code Ann. § 30-220; divisions of property and periodic payments from the corpus of the payor's estate are not revisable. Code Ann. § 30-222.

In *Duncan v. Duncan,* 239 Ga. 789, 790-791 (238 SE2d 902) (1977), we read *Bisno v. Bisno,* 239 Ga. 388 (236 SE2d 255) (1977), as pronouncing the following formula for deciding whether periodic payments are alimony or not. Unless the decree or alimony trial transcript shows to the contrary:

(a) A decree specifying periodic payments for an uncertain time (e.g., until death or remarriage) with no indication of gross amount is alimony and is revisable;

(b) A decree specifying periodic payments for a given time with no indication of gross amount other than by multiplying the amount due by the number of the payment periods is alimony and is revisable;

(c) A decree specifying periodic payments to be made until a given sum (i.e., an amount stated) has been paid is division of property or payment of corpus and is not revisable. See also *Solomon v. Solomon,* 241 Ga. 188, 189 (244 SE2d 2) (1978); *Taulbee v. Taulbee,* supra.

The case before us is in category (b) above. The original decree specified monthly payments ($700 per month) for a given time (84 months) with no indication of gross amount other than by multiplication ($700 times 84 months $58,800). The wife argues that the difference between category (b) and category (c) is merely the express inclusion of the gross amount in category (c), which amount is calculable in category (b), that no distinction should be made between the two categories, and that *Bisno v. Bisno,* supra, and its progeny should be overruled. We find that the express inclusion of the given sum or gross amount in category (c) is indicative of the

intent of the fact finder, or parties as the case may be, that the recipient of the award receive the sum stated without termination in the event of remarriage, etc., whereas the contrary intent is indicated when no gross amount is given. See Code Ann. § 30-209. We therefore adhere to the cited decisions. The trial court did not err in finding the award to be revisable under Code Ann. § 30-220.

2. The wife enumerates error in the failure to charge the jury that a lump sum child support award could not be reduced per capita. She relies upon *Gallant v. Gallant*, 223 Ga. 397 (3) (156 SE2d 61) (1967), where it was said: "It is error to modify a child support judgment in any respect except as to the amount." In the instant case the jury modified the child support award by reducing the amount payable by the husband from $800 per month for the children as a group to $266 per month each for 2 minor children.

*Gallant v. Gallant*, supra, was decided before the age of majority was reduced from 21 to 18 (Ga. L. 1972, pp. 193, 194; Code Ann. § 74-104). In *Gallant*, the original divorce decree incorporated an agreement of the parties that the father would pay child support until the wife remarried or one of the children reached 18, married or became self-supporting. After hearing the wife's modification petition, the judge increased the weekly payment and provided that those payments would continue until the oldest child reached majority (then 21). This court held that the change in the age requirement (18 to 21) and the omission of the provision as to the wife's remarriage was error.

The statement in *Gallant*, quoted above, has not been applied where the modification was from an award to a group of children to a per capita award for each of those children. In *Price v. Dawkins*, 242 Ga. 41 (247 SE2d 844) (1978), the father of 5 children was originally ordered to pay $50 per week for the support of the children as a group. Several years later the trial court increased the child support award to $30 per week per child, which this court affirmed. In *Price v. Dawkins*, supra, a group award was converted into a per capita award yet we did not recognize a violation of the *Gallant* prohibition.

The case of *Ausbon v. Ausbon*, 231 Ga. 679 (203 SE2d

484) (1974), is distinguishable. There the original decree provided payment for the wife and 4 minors as a group until each child became 21 or discontinued his or her education or became self-supporting. That decree was modified to provide a certain sum for the wife and a certain sum for the children living with her. This court did not reverse on the ground that a group decree had been individualized insofar as the wife was concerned; we reversed because the terms upon which the child support would terminate (became 21, etc.) had been changed.

The wife also relies upon *Lord v. Lord,* 231 Ga. 164 (200 SE2d 759) (1973), *Edwards v. Edwards,* 235 Ga. 199 (219 SE2d 117) (1975), and *Bailey v. Bailey,* 242 Ga. 289 (248 SE2d 662) (1978). Those cases did not involve the authority of the court to make a per capita award out of a group award in a modification proceeding based upon a change in financial circumstances. See *Ivester v. Ivester,* 242 Ga. 386 (249 SE2d 69) (1978). Those cases hold that an alimony decree awarding a given sum for the support of a family group is not automatically prorated among them upon the happening of a divesting event (e.g., death, remarriage of the wife, or reaching majority by a child) so as to separate the amount awarded to one from that awarded to the others and automatically result in a reduction of the amount due.[1]

We hold that in an alimony modification proceeding brought pursuant to Code Ann. § 30-220 where it has been shown that there has been a change in income or financial status of a former spouse sufficient to warrant a revision of alimony or child support payable to a group, then as an incident of the modification proceeding the court may modify the group award into a per capita award according to the needs of the recipients. See *Price v. Dawkins,* supra. Such awards will continue to be subject to further revision as provided by law. However, by allowing modification from group to individual award, successive modification proceedings precipitated when each child reaches

---

[1]This rule recently was qualified by a majority of the court in *Burns v. Rivers,* 244 Ga. 631 (1979), where the majority held that the rule against automatic proration is

majority, etc., should be reduced or eliminated. The trial court did not err in allowing the group award to be made into a per capita award.

As the result of the holding in this case, the superior courts will have the authority in Code § 30-220 modification proceedings, where a change in financial condition has been shown, to revise the amount of periodic alimony payments and to change a group award into a per capita award.

Therefore, it was error in this case to add in the modification proceeding the provision that child support would terminate when a child left the wife's home. That condition was not part of the original decree and cannot be added in a modification proceeding. *Ausbon v. Ausbon,* supra, *Gallant v. Gallant,* supra. Upon remand, the trial court is directed to strike this added condition.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1979 — DECIDED
NOVEMBER 21, 1979.

*Cheeley & Chandler, Richard B. Chandler, Jr.,* for appellant.
*Glyndon C. Pruitt,* for appellee.

not applicable where it can be determined from the alimony decree by mathematical calculation the amount which each member of the unit was intended to receive.