## 65317. KILE v. KILE et al.

BIRDSONG, Judge.

Georgia Kile won an uncontested divorce from Cecil Kile in May, 1976. As a part of the divorce decree, the trial court awarded Mrs. Kile a mobile home, an auto, and an on-going business, all under debt payable in term notes. Cecil was directed to transfer title to Mrs. Kile and to pay all installments as each matured until each indebtedness was satisfied. In June, 1982, Mrs. Kile filed garnishment proceedings against the U. S. Air Force, Cecil's employer, for over $18,000 in alleged delinquent payments. Cecil moved to dismiss the garnishment, arguing that the divorce court had effected a property transfer in the divorce settlement and that the periodic payments do not amount to the indefinite time or amount that constitutes alimony. The opposite was asserted by Mrs. Kile. The trial court found the divorce court had effected a property settlement and dismissed the garnishment. Georgia Kile appeals that dismissal. *Held:*

1. Cecil has moved this court to dismiss the appeal contending this is an appeal pertaining to a divorce matter which involves a discretionary appeal and under OCGA § 5-6-35 (Code Ann. § 6-701.1) requires an application for such an appeal addressed to this court. We conclude, however, that this appeal deals with the dismissal of a garnishment proceeding and the divorce is only incidental thereto. Therefore, the motion to dismiss the appeal is denied.

2. This case is controlled by the provisions of 42 USC § 662 (c) and *Nash v. Nash,* 244 Ga. 749 (262 SE2d 64) recognizing and reaffirming *Duncan v. Duncan,* 239 Ga. 789, 790 (238 SE2d 902). 42 USC § 662 (c) in pertinent part provides: "Such term [alimony] does not include any payment or transfer of property . . . to his . . . former spouse in compliance with . . . division of property between . . . former spouses." The *Duncan* case, supra, at p. 791 held: ". . . that provisions in a decree specifying periodic payments to be made until a sum certain has been paid [i. e., the full amount of each indebtedness ascertainable from the face of each instrument of indebtedness] is a property settlement. . . ."

Our view of the context of the divorce decree of 1975 leaves no doubt that the divorce court intended to and did effect a property settlement. Such a settlement even though required in periodic installments amounted to a property settlement and may not be the subject of a garnishment of pay and entitlements of an employee of the United States Government. We find no error by the trial court in dismissing the affidavit of garnishment.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 3, 1983.

*Clark Smith,* for appellant.
*H. Gregory Fowler,* for appellees.