481 So.2d 261 (1985)
Janis Susan MILLER
v.
Dr. William Raymond FANNIN, Jr.
No. 55892.
Supreme Court of Mississippi.
November 13, 1985.
Davis Hall Smith, Jackson, for appellant.
Stephen L. Shackelford, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Janis Susan Miller (formerly Mason) filed suit in the Chancery Court of Rankin County against Dr. William Raymond Fannin, Jr., seeking the sum of twenty-four thousand four hundred dollars ($24,400) claimed to be due under an alleged property settlement, together with compensatory and punitive damages. She also sought to have Dr. Fannin adjudged in contempt of court for failure to pay said amount. Dr. Fannin filed an answer with affirmative defenses and a counterclaim asking for damages against Mrs. Miller and for overpayment of funds under such settlement. The lower court entered a decree finding that Mrs. Miller was not entitled to recover and, consequently, Dr. Fannin was not in contempt of the court. Mrs. Miller appeals and assigns two errors in the judgment of the lower court:
(1) The payments provided for in the separation agreement constitute a property settlement and were unaffected by the appellant's remarriage.
(2) The right of parties to contract for payment of alimony is a constitutionally protected right and may not be abridged by statute or other state action.
The parties were married in Hinds County, Mississippi, September 24, 1974, and subsequently moved to Dekalb County, Georgia, where they were residing at the time of their separation in November, 1981. No children were born of the marriage. *262 On October 17, 1981, they entered into a separation agreement, resolving issues of alimony and property, and a final decree of divorce was entered by the Georgia Court February 8, 1982. After the divorce, appellant moved to the state of Florida and remarried on May 8, 1982. Upon learning of appellant's remarriage, appellee discontinued payment of amounts provided in the separation agreement, which action on his part resulted in this lawsuit.
Appellee takes the position that the payments under the instrument entitled "Property Settlement" constituted alimony payments and, upon the remarriage of appellant, they were terminated under Georgia law. Appellant contends that the payments provided in the instrument were not alimony payments and amounted to a property settlement, which was not terminated by her new marriage.
Those parts of the separation agreement which are concerned in this suit follow:
2. Property Settlement of Parties
* * * * * *
(d) Husband shall pay to wife as alimony for the purpose of resettlement, the sum of $1,000 per month for a period of 22 months. Said payments are to commence on the 5th and 25th day of each month thereafter until paid. Husband shall further pay wife the sum of $600.00 per month for 24 months following the first period set forth above, said payments also to be on the 5th and 25th of the month.
* * * * * *
13. Laws of Georgia
This agreement is made pursuant to the laws of the State of Georgia and shall be construed and governed thereby.
The general rule is that courts will give effect to an express agreement that the laws of a specified jurisdiction shall govern, particularly where some material element of the contract has a real relation to, or connection with, such jurisdiction. The intention of the parties as to the law governing the validity, construction and effect of a property settlement or separation agreement will be respected in the absence of anything violating the public policy of the forum jurisdiction. 24 Am.Jur.2d Divorce and Separation, § 818 (1983); 18 A.L.R.2d 785 § 10. We are of the opinion that Georgia law controls the question presented here.
In Nash v. Nash, 244 Ga. 749, 262 S.E.2d 64 (1979), the Georgia Court considered the question now before us. The Nash decree provided that the wife be paid $700.00 per month permanent alimony, to be paid monthly for eighty-four (84) months. The facts are analogous to those here. The Nash Court stated:
In Duncan v. Duncan, 239 Ga. 789, 790-791, 238 S.E.2d 902 (1977), we read Bisno v. Bisno, 239 Ga. 388, 236 S.E.2d 755 (1977), as pronouncing the following formula for deciding whether periodic payments are alimony or not. Unless the decree or alimony trial transcript shows to the contrary:
(a) A decree specifying periodic payments for an uncertain time (e.g., until death or remarriage) with no indication of gross amount is alimony and is revisable;
(b) A decree specifying periodic payments for a given time with no indication of gross amount other than by multiplying the amount due by the number of payment periods is alimony and is revisable;
(c) A decree specifying periodic payments to be made until a given sum (i.e., an amount stated) has been paid is division of property or payment of corpus and is not revisable. See also Solomon v. Solomon, 241 Ga. 188, 189, 244 S.E.2d 2 (1978); Taulbee v. Taulbee, supra.

244 Ga. at 750, 262 S.E.2d at 65.
Dr. Fannin, under the so-called "Property Settlement" of the parties, was required to pay unto appellant one thousand dollars ($1,000) per month for twenty-two (22) months and following that period the sum of six hundred dollars ($600.00) per month for twenty-four (24) months. The decree provided for specified periodic *263 payments over given times, but with no indication of a gross amount. Such amount would have to be arrived at by multiplying the number of payments and the amount of each payment. Under the Georgia statutes, such payments are in the nature of alimony, not an award amounting to a specified property settlement. Kile v. Kile, 165 Ga. App. 321, 301 S.E.2d 289 (1983). Under the Georgia statute, Ga. Code Ann. § 19-6-5 (1981), permanent alimony terminates upon the remarriage of the recipient, viz:
(b) All obligations for permanent alimony, however created, the time for performance of which has not arrived, shall terminate upon remarriage of the party to whom the obligations are owed unless otherwise provided. (Emphasis added)
The above § 19-6-5 os a 1966 amendment to Ga. Code § 30-209 (1933) designed to provide for such termination. Appellant relies upon Shepherd v. Shepherd, 223 Ga. 609, 157 S.E.2d 268 (1967), which held that § 30-209 is not applicable to a contract provision designated as a property settlement by husband and wife. Appellant argues that the fact the alimony provision is in the "Property Settlement" section of the agreement makes it a property settlement, which is not terminable under Georgia law upon her remarriage. The Shepherd Court stated that the § 30-209, which was amended by § 19-6-5, does not apply to the provisions of a contract making property divisions. The agreement between the parties in Shepherd provided that there would be a payment of ten dollars ($10.00) per month as alimony so long as Mrs. Shepherd remained unmarried, and, one hundred ninety dollars ($190.00) per month for a period of one hundred four (104) months as "property settlement." Alimony payments and property settlement were distinguished from each other. The cases of Solomon v. Solomon, 241 Ga. 188, 244 S.E.2d 2 (1978), and Duncan v. Duncan, 239 Ga. 789, 238 S.E.2d 902 (1977), Bisno v. Bisno, 239 Ga. 388, 236 S.E.2d 255 (1977), and Burns v. Rivers, 244 Ga. 631, 261 S.E.2d 581 (1979), are helpful in making the distinction between alimony payments and property settlement.
We are of the opinion that under the Georgia statute and decisions of the Georgia Court, the lower court here correctly refused to hold the appellee in contempt for failure to pay the alleged sums, which was tantamount to dismissing the complaint. While Mississippi law is not involved, it is interesting to note the similarity between the holding of the Georgia Court and the dicisions of the Mississippi Supreme Court in Wray v. Wray, 394 So.2d 1341 (Miss. 1981); Taylor v. Taylor, 392 So.2d 1145 (Miss. 1981); Bridges v. Bridges, 217 So.2d 281 (Miss. 1968); Sides v. Pittman, 167 Miss. 751, 150 So. 211 (1933).
We have carefully considered the second assignment of error and are of the opinion that there is no merit in it.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.