73542. JONES v. JONES.
(351 SE2d 691)

DEEN, Presiding Judge.

Appellant Vivian Jones filed garnishment proceedings against the employer of her former husband, appellee W. R. Jones, seeking delinquent child support payments in the amount of $2,487. At a hearing held March 3, 1986, certain sums were tendered or declared to be forthcoming, and the court dismissed the garnishment action.

Appellant, contending that these sums left a balance owing of $314, refused to have the fi.fa. removed which she had caused to be placed on certain property belonging to appellee, and appellee then sued to have the fi.fa. removed. On August 5, 1986, the trial court entered an order directing appellant to sign the documents for the removal of the fi.fa., and instructing the Clerk to clear the record of the fi.fa. Mrs. Jones has appealed *pro se* from this order, enumerating as error the trial court's entry of the two orders allegedly in violation of OCGA §§ 18-8-84 and 9-13-7. Appellee has filed a motion for dismissal of the appeal on the ground that, under certain subsections of OCGA § 5-6-35, this court cannot entertain a direct appeal, but an application for discretionary appeal is required. *Held:*

OCGA § 5-6-35 (a) (4) (as amended in 1984), prescribes that a discretionary rather than a direct appeal be filed in cases involving garnishment or attachment. The only exception to this requirement, as set forth in OCGA § 5-6-34 (a) (5) (formerly OCGA § 5-6-34 (a) (6)), does not apply in the fact situation of the instant case. *Kile v. Kile,* 165 Ga. App. 321 (301 SE2d 289) (1983), was decided under the original, unamended version of OCGA § 5-6-35 and, under current

law, is inapplicable here.

Appellee's motion for dismissal is hereby granted.

*Appeal dismissed. Benham and Beasley, JJ., concur.*

DECIDED DECEMBER 1, 1986 —
REHEARING DENIED DECEMBER 15, 1986.

Vivian Jones, *pro se.*

*William A. Turner, Jr.*, for appellee.