Bill J. BRYANT, Appellant,

v.

Heidi B. BRYANT, Appellee.

No. S–2332.

Supreme Court of Alaska.

Oct. 21, 1988.

John R. Lohff, Anchorage, for appellant.

Bruce W. Rausch, Smith, Coe & Patterson, P.C., Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Justice.

## I. FACTS AND PROCEEDINGS.

Heidi and Bill Bryant were married on March 19, 1971, at Fort Benning, Georgia. They had one child. The Bryants were divorced in Fairbanks on March 9, 1979. Under the terms of the decree of divorce, Heidi received "care, control and custody" of their son. Bill was required to pay $150 per month child support. He was also required to "pay to [Heidi] $182 per month for 11 years as alimony." Heidi also received a snowmobile, a car, and the personal property of herself and her son. Bill was awarded a house and three lots in Fairbanks, with the debts thereon, a car, his personal property, and all of the marital debts.

Within approximately one year of their divorce, disputes had arisen over the alimony payments. On June 9, 1980, Heidi obtained a judgment against Bill for $1,820 in "back due alimony." On April 5, 1982, judgment was entered against Bill for $7,562.51 in "child support and alimony arrearages" as well as attorney's fees. And on December 13, 1983, Heidi was awarded another judgment of $6,740.94 in "child support and spousal support arrearages" and attorney's fees. Each of these judgments was executed against Bill's military retirement pay.

On August 17, 1982, Heidi remarried. On March 20, 1986, Bill filed a Motion to Terminate Alimony Payments and to Apply Overpayments to Child Support. In the accompanying memorandum in support of his motion, Bill noted that Heidi had remarried, and that *Voyles v. Voyles*, 644 P.2d 847 (Alaska 1982), required, as a matter of law, that alimony terminate upon the recipient spouse's remarriage.

In opposition to Bill's motion, Heidi pointed out that "[t]his rule does not apply if alimony is, in fact, intended to provide child support ... or where the award is an integral part of a property settlement." She argued that the alimony was an integral part of a property settlement.

Bill responded that there was no evidence that the alimony awarded was in fact a property settlement. He argued that the stipulated change in their divorce agreement, which changed the alimony provision from $200 per month for ten years, secured by a deed of trust on Bill's real property, to $182 per month for eleven years, was effected for tax purposes. Heidi countered with an affidavit in which she asserted that "[t]he payment was classified as alimony, however, it actually was reflecting payment for my share of the marital property which Bill J. Bryant received in the divorce."

Superior Court Judge Victor Carlson denied Bill's motion to terminate alimony on September 24, 1986, stating that "it appears as if this $182 per month amount is a property settlement."

Six months later Bill filed a Motion to Terminate Collection of Alimony from Military Retired Pay and Accounting for Illegally Collected Monies. In his memorandum in support of the motion, Bill argued that 10 U.S.C. § 1408(d)(2) prohibited Heidi from garnishing his retirement pay for "payments in the nature of property settlement" because they had not been married for at least ten years.[1]

The superior court, Judge Peter A. Michalski, denied Bill's motion. In his Decision and Final Order, Judge Michalski noted that Judge Carlson had indicated that the $182 per month appeared to be a property settlement. He further remarked that the previous order had been "forwarded to the United States Army by [Bill's] attorney ... [and] apparently resulted in the end of garnishment of retirement pay due to army regulations which allow garnishment of retirement pay for child support and alimony but not for property settlements." Judge Michalski then stated:

The "$182.00 per month for 11 years as alimony" is *alimony* which is an integral part of a property settlement. That does not mean that the alimony is not alimony. It means the equities at the entry of the decree, called for granting alimony in the amount stated. The preference of Alaska law for property division in lieu of alimony does not mean that when alimony is granted as an integral part of a property settlement in the wrapping up of a marital estate that it is no longer alimony.

(Emphasis in original.)

Bill Bryant appeals Judge Michalski's denial of his motions (1) to terminate collection of alimony from military retirement pay, and (2) for an accounting for illegally collected monies.

## II. THE ERRONEOUS STATEMENT IN THE SUPERIOR COURT'S ORDER.

Bill's first two specifications of error are that "the trial court err[ed] in stating that the defendant [Bill] had moved to terminate the alimony award.... [and] in failing to address [the] defendant's request to terminate collection of alimony in the nature of a property settlement from his military retire[ment] pay[.]"

 In the order in question the superior court erroneously stated that it was deciding the "motion to terminate the alimony award," rather than "the motion to terminate collection of alimony from military retired pay." In our view this error was harmless since despite the erroneous wording of the order, the court addressed Bill's request.[2]

## III. PROPRIETY OF THE GARNISHMENT.

Bill's next two specifications of error challenge the superior court's treatment of

1. Section 1408(d)(2) provides:
 If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the

treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

2. Bill concedes that the error was harmless. This court will disregard harmless error. *Veal v. Newlin, Inc.,* 367 P.2d 155, 157 n. 8 (Alaska 1961).

the $182 per month "alimony" he was required by the divorce decree to pay to Heidi. He challenges the trial court's decision that his alimony payments were actually payments of a "property settlement." He also questions whether the trial court actually denied his "request to terminate collection of alimony from his military retired pay when it ruled that the alimony in this case remained alimony even when it was an integral part of a property settlement agreement[.]" Finally, he argues that if his request was actually denied, the decision should be reversed.

At the time of their divorce in 1979, Bill and Heidi stipulated that he would pay her "$182 per month for 11 years *as alimony.*" (Emphasis added.) In each of the judgments Heidi obtained against Bill for arrearages in 1980, 1982, and 1983, the court referred to "alimony" or "spousal support." In 1986, when Bill moved to terminate alimony under *Voyles* because Heidi had remarried, *see supra* p. 1289, Heidi argued for the first time that the alimony was really a property settlement. She therefore reasoned that the "alimony" should not be terminated under *Voyles.* The superior court agreed with her, concluding that the $182 per month amount was a property settlement. Neither party appealed this determination.

Bill argues that if the payments are a property settlement rather than alimony, his military retirement pay may not be garnished because 42 U.S.C. § 659(a) prohibits garnishment in this circumstance.

Section 659(a) provides:

Notwithstanding any other provision of law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be *subject,* in like manner and to the same extent as if the United States or the District of Columbia were a private person, *to legal process brought for the enforcement,*

*against such individual of his legal obligations to provide child support or make alimony payments.*

(Emphasis added.) "Alimony" is defined for purposes of § 659 in 42 U.S.C. § 662(c):

(c) The term "alimony", when used in reference to the legal obligations of an individual to provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and (subject to and in accordance with State law) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; such term also includes attorney's fees, interest, and court costs when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction. *Such term does not include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses.*

(Emphasis added.) Bill argues that § 659 makes the federal government amenable to legal process for enforcement of child support or alimony payments *only*, not property settlements.

Several cases support Bill. In *Kile v. Kile*, 165 Ga.App. 321, 301 S.E.2d 289, 290 (1983) the court found that where a "divorce court intended to and did effect a property settlement [s]uch a settlement . . . may not be the subject of a garnishment of pay and entitlements of an employee of the United States Government." The Texas Supreme Court likewise held that an ex-wife could not garnish her ex-husband's military retirement pay to recover the portion of it she was awarded each month in a divorce decree. (Texas law does not permit "alimony" as such.) *United States v. Stelter*, 567 S.W.2d 797, 798 (Texas 1978). *See also Shaw v. Shaw*, 623 S.W.2d 148 (Tex. App.1981) ("contractual support" payments not alimony within definition of 42 U.S.C.

662(c); ex-wife therefore could not garnish ex-husband's federal retirement pay), *cert. denied,* 459 U.S. 927, 103 S.Ct. 238, 74 L.Ed.2d 188 (1982).

■ On the basis of this record we are of the view that Judge Carlson's unappealed order of September 24, 1986, establishing that the $182 monthly payments were in the nature of "a property settlement," was correct. We therefore hold that 42 U.S.C. § 659(a) prohibits Heidi from garnishing Bill's military retirement pay.

Further we are of the view that 10 U.S.C. § 1408(d)(2) precludes Heidi from reaching Bill's military retirement pay for payment of a property settlement because the parties were not married for ten years.[3] *See, e.g., In re Marriage of Beltran,* 183 Cal.App.3d 292, 227 Cal.Rptr. 924, 927 (1986) (subsection (d)(2) imposed requirement of ten-year marriage before direct payment may be made to former spouse as part of property settlement); *Le Vine v. Spickelmier,* 109 Idaho 341, 707 P.2d 452, 455 (1985) (ten-year limitation applies where direct payments made to spouse in response to court order); *Anderson v. Anderson,* 13 Ohio App.3d 194, 468 N.E.2d 784, 789 (1984) (ten-year limitation is threshold requirement to former spouse's entitlement to recover); *In re Marriage of Wood and Wood,* 66 Or.App. 941, 676 P.2d 338, 341 (1984) (before an ex-spouse can receive direct payments from the pension account, the couple's marriage must have spanned at least ten years of a military career).

Given the foregoing we hold that the superior court erred in denying Bill's motion to terminate garnishment of his military retirement pay.

## IV. ACCOUNTING.

Bill's final specification of error in this appeal is that "the [t]rial [c]ourt [e]rr[ed] [w]hen [i]t [d]enied the [m]otion for an [a]ccounting of [i]mproperly [c]ollected [a]limony[.]" Given our holding that Heidi may not garnish Bill's military retirement pay for payment of a property settlement,

3. *See supra* note 1.

she has improperly collected the monthly $182 payments from Bill. Thus an accounting should be conducted on remand to determine the amount improperly garnished as well as the amount to be credited to child support.

REVERSED and REMANDED for further proceedings not inconsistent with this opinion.